**Gareth W. WILEY, Appellant,**

v.

**Ruth E. WILEY, Appellee.**

**No. 5972.**

Court of Civil Appeals of Texas,
Waco.

Dec. 28, 1978.

Rehearing Denied Feb. 1, 1979.

P. Otis Hibler, San Antonio, for appellant.

## 466

J. R. McCracken, Bryan, Samuel D. Dibrell, Dibrell, Dotson & Dibrell, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) from judgment for appellee (plaintiff) for $14,691.68, which judgment was rendered on partial summary judgment decreeing defendant's liability, and trial thereafter as to amount of money due plaintiff.

Plaintiff Ruth E. Wiley filed suit against defendant Gareth W. Wiley in March 1977 alleging plaintiff and defendant were divorced in September 1971; that plaintiff was awarded an undivided two-fifths interest in defendant's military retirement pension which was community property of the parties; and that plaintiff has never received any of her share. Plaintiff prayed for partition of both the amounts past due and owing, and also her share of each future monthly payment defendant will receive, and for such further relief to which she may show herself entitled.

Defendant answered on May 16, 1977 by general denial.

On December 20, 1977 plaintiff filed motion for summary judgment as to liability of defendant; and for trial as to amounts due. Plaintiff attached her affidavit that she was awarded divorce from defendant in 1971 which decree awarded her an undivided two-fifths interest in defendant's military retirement pension; that she had never received any part prior to filing this suit; that her share amounted to over $14,000. Attached to her affidavit was a verified copy of the divorce decree which reflects award to plaintiff two-fifths of defendant's military retirement pay of $450. per month.

On December 28, 1977 defendant filed amended answer alleging plaintiff had in 1976 filed motion for contempt, reformation of divorce decree, and judgment for moneys due under the divorce decree, which was denied by the court, and that such constituted res judicata to all issues in the instant case.

Also, on December 28, 1977 defendant filed an *unverified* response to plaintiff's motion for summary judgment, in which defendant denied allegations in plaintiff's motion and affidavit.

And on January 3, 1978 defendant filed an *unverified* "plea in bar" to plaintiff's suit which alleged plaintiff in 1976 filed motions for contempt, reformation of divorce decree, and for judgment, which motions were denied, and constituted res judicata and a bar to the present action. Attached to such plea in bar were unverified purported copies of plaintiff's motions for contempt, to reform divorce decree, and for judgment filed in 1976 under the number of the 1971 divorce case; and an unverified purported copy of an order of the 45th District Court of Bexar County denying such motions.

The trial court rendered judgment on May 3, 1978 reciting that on January 3, 1978 came on to be heard plaintiff's motion for summary judgment accompanied by affidavits and verified exhibits and the court granted plaintiff summary judgment that she recover against defendant two-fifths of all military retirement pension received by him since the date of the 1971 divorce of the parties through December 31, 1977. The judgment further decrees plaintiff's entitlement to two-fifths of the gross amount of future retirement pay to be received by defendant. The judgment then recites that trial was had on the sole remaining issue as to the gross amount of retirement pay received by defendant from the date of the 1971 divorce through December 31, 1977 and found same to be $14,-691.68, for which amount judgment was rendered for plaintiff against defendant, plus interest and costs.

■ Defendant appeals on 4 points contending the trial court erred in rendering summary judgment as to liability (and overruling his plea in bar) because the 1976 order denying plaintiff's motions for contempt, reformation of divorce decree and judgment, filed in the original divorce suit, where plaintiff sought exactly the same

relief as in the instant suit, constitutes res judicata as to the instant suit.

Rule 166–A TRCP provides among other matters * * * "a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages. * * * (and) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion * * *."

Plaintiff plead her entitlement from defendant of two-fifths of defendant's military pension from the date of the 1971 divorce. The summary judgment record reflects: the affidavit of plaintiff to the same effect; verified copy of the 1971 divorce decree which decrees plaintiff undivided two-fifths interest in defendant's military pension; and plaintiff's affidavit that she has never been paid any of her vested share of such pension.

Defendant has not complied with Rule 166–A and has provided no summary judgment proof to substantiate his plea in bar of the asserted 1976 orders denying motions for contempt, reformation of decree, and damages. Defendant has no affidavit or sworn denials, and no verified or certified copies of motions or orders establishing the asserted plea of res judicata.

Plaintiff has established her entitlement to summary judgment, and defendant has not by any summary judgment proof denied same.

Defendant's allegations as to res judicata constitute an affirmative defense to plaintiff's cause of action and to preclude summary judgment for plaintiff must be proved up by summary judgment evidence, which was not done.

Defendant's pleading and answer to plaintiff's motion for summary judgment are not summary judgment evidence. *Hidalgo v. Surety Savings and Loan Assn.,* Tex., 462 S.W.2d 540; *Lancaster v. Wynnewood State Bank,* (Tex.Civ.App., Waco) NWH, 470 S.W.2d 78.

 And when facts entitling the moving party to summary judgment have been established, as here, the motion will not be denied merely because the opposite party has alleged matters in pleadings, which if proved, would require a different judgment be rendered. *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948; *Molsen v. Compania Industrial,* (Tex.Civ.App., Waco) NWH, 394 S.W.2d 271; *Watkins Motor Lines, Inc. v. Plantation Foods, Inc.,* (Tex.Civ.App., Waco) NWH, 485 S.W.2d 951.

The partial summary judgment as to liability was proper.

All defendant's points and contentions are overruled.

AFFIRMED.