J. T. TRUELOVE, Thomas Whitehead, Steve O'Shaughnessy and Daniel O'Shaughnessy, Appellants,

v.

HAMILTON ENERGY, INC. and William M. Hamilton, Appellees.

No. 1491.

Court of Appeals of Texas, Tyler.

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Michael Thomas, Dallas, for appellants.

John W. Rhea, III, Dallas, for appellees.

MOORE, Justice.

This is an appeal from an order dismissing plaintiffs' suit with prejudice upon a motion made by defendants.

We affirm.

This controversy arose out of an investment made by plaintiffs, J. T. Truelove, Thomas Whitehead, Steve O'Shaughnessy and Daniel O'Shaughnessy, in an oil and gas venture put together by defendant, Hamilton Energy, Inc., and governed by a Letter of Understanding executed by appellants and Hamilton Energy, Inc., in which defendants agreed to drill an oil well. Appellants alleged that under the terms of the Letter of Understanding, Hamilton Energy, Inc., was to commence drilling operations of a particular well (known as the Hamilton/Palmer # 1) no later than March 1, 1979, and in the event the well was not commenced on or before that date, defendants agreed to return their investment without interest. Plaintiffs alleged that defendants failed to commence drilling by such date. Accordingly, plaintiffs filed the instant suit on September 12, 1979, alleging a conversion of each of plaintiffs' investments and seeking not only a return of their investment but also exemplary damages and attorney's fees.

The amount of investment funds of the four plaintiffs was two-thousand nine-hundred ninety-five and no/100 dollars ($2,995.00) each, for a total amount of eleven-thousand nine-hundred eighty and no/100 dollars ($11,980.00). Defendants answered with a general denial.

Prior to the time the present suit was filed each of the plaintiffs requested a return of their investment. Thereupon defendants tendered sight drafts in the amount of $2,995.00 to each of the plaintiffs, the amount of their investment together with a release. After suit was filed defendants' bank received back three of the sight drafts from three of the plaintiffs. Plaintiffs, Steve O'Shaughnessy and Daniel O'Shaughnessy, executed a release and sent the same along with the sight draft to defendants' bank for collection. Plaintiff, Thomas Whitehead, did not execute the release but nevertheless sent the $2,995.00 sight back to defendants' bank for collection.

Thereafter defendants filed a supplemental pleading in the instant suit, tendering the funds into the registry of the court. Defendants' supplemental pleadings contained the following allegations:

### IV.

Because of the pendency of the instant litigation, which involves claims to the same sums of money which are the subject of the previously issued sight drafts, Defendant HAMILTON ENERGY, INC. hereby tenders such sums in the total amount of Eleven-Thousand Nine-Hundred and Eighty and no/100 ($11,980.00) Dollars (representing the investment of the four investors who have not heretofore received refunds, at $2,995.00 each).

### V.

Because the nature of this particular tender into the registry of the Court puts Defendant Hamilton Energy, Inc. in the position of a disinterested interpleader under Rule 43, Texas Rules of Civil Procedure, Defendant Hamilton Energy, Inc. is entitled, within the discretion of the Court, to an award of its attorney's fees and costs in filing this particular interpleader action. Defendant HAMILTON ENERGY, INC. has had and maintains no interest in or claim to the funds tendered into the registry of the Court. The Plaintiff-investors' apparent willingness to receive full refund from Defendant HAMILTON ENERGY, INC., and their attorney-representative's apparent unwillingness to so accept such funds on behalf of the Plaintiff-investors, indicates that the real dispute in the instant litigation is not between Plaintiffs and Defendants, but rather between Plaintiffs, their attorney and/or some undisclosed third parties with some unknown, yet potential claim to the tendered funds.

After the funds were tendered into the registry of the court, plaintiffs filed a motion to withdraw the funds tendered into the registry of the court "without prejudice to any other rights and causes of action."

Defendants duly filed their opposition to the Motion to Withdraw Funds from the Registry of the court and therein urged that the Motion to Withdraw Funds be denied, or in the alternative that such motion be granted along with a corresponding order of dismissal with prejudice. At the initial hearing on plaintiffs' Motion to Withdraw Funds from the registry of the court, the court directed both parties to brief the issue of what claims would be left to be adjudicated if the court granted the Motion to Withdraw Funds from the Registry of the court and thereby satisfied the principal claim. Both of the parties filed briefs in accordance with the court's direction, and a hearing was subsequently held whereupon the court granted the plaintiffs the right to withdraw the funds from the registry of the court. The court also entered a take-nothing judgment against plaintiffs and dismissed the case with prejudice to their refiling. From such order and judgment plaintiffs (appellants) perfected this appeal.

Appellants' sole point of error contends that the order of dismissal was in effect a summary judgment that appellants take nothing and this was improper since the defendant did not file a formal motion for summary judgment. We cannot agree with appellants' contention.

It must be noted that appellants do not challenge the correctness of the trial court's order nor do they contend that there are genuine issues of material fact unresolved. The case is before us without a statement of facts. Thus, the sole question is, assuming *arguendo*, that the order of dismissal was in effect a summary judgment, does appellees' failure to file a formal motion labeled such automatically require reversal? We do not believe so. In *Robinson v. Buckner Park, Inc.*, 547 S.W.2d 60 (Tex.Civ.App. —Dallas 1977, writ ref'd n. r. e.), the defendant filed a motion to dismiss plaintiff's action based on the statute of limitations. The trial court granted the defendant's motion, dismissing the plaintiff's case with prejudice. The Dallas Court of Appeals, although noting in a footnote that a dis-

missal on statute of limitations grounds could not be sustained unless the summary judgment process was used, concluded, without discussing whether such summary judgment process was used, that the court would treat the dismissal with prejudice as a summary judgment. The court then reversed the judgment of the trial court because *on the merits* of the case, a summary judgment was not warranted.

In *Piper v. Estate of Thompson*, 546 S.W.2d 341 (Tex.Civ.App.—Dallas 2976, no writ), the defendant filed a "plea in bar." The court in considering whether to treat the plea as a summary judgment concluded that it could not because the trial court failed to give the opposing party notice of the nature of the hearing or an opportunity to present evidence.

Such is not the case in the instant suit. Appellees' motion specifically requested that if the trial court granted plaintiffs' motion to withdraw the funds, that the court dismiss plaintiffs' suit with prejudice. The motion was filed prior to twenty-one days before the hearing. The trial court at the hearing allowed both sides to present evidence in support of their positions.

Again, it must be noted that appellants urge no point of error with respect to the evidence offered or the correctness of the trial court's determination. No objection to the procedure was made at the trial court level. The question of whether or not payment of funds from the registry of the court to the appellants would satisfy all of appellants' claims was laid before the court on the motion by defendants. The issue of dismissal with or without prejudice was put squarely before the court. The appellants cannot fairly complain for the first time on appeal that defendants attempted to circumvent summary judgment procedure simply because the trial court decided the issue adversely to them.

Appellants cite several cases for the proposition that a summary judgment cannot be entered for a party that has not filed a motion for summary judgment. These cases are not on point. The cases cited by appellants all involve instances where a par-

ty urged that he was entitled to a summary judgment by the appellate court for the first time on appeal. In the instant case appellees summarily urged judgment of dismissal with prejudice at the trial court level.

For the reasons stated, the judgment of the trial court is affirmed.