INTERFIRST BANK SAN ANTONIO N.A. f/k/a First International Bank in San Antonio, N.A. f/k/a Main Bank & Trust, Appellant,

v.

James G. MURRY, Appellee.

No. 04–86–00448–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 1987.

Ben A. Culpepper, San Antonio, for appellant.

Layman E. Hendrix, San Antonio, for appellee.

Before ESQUIVEL, CANTU, and REEVES, JJ.

OPINION

REEVES, Justice.

This is an appeal from a suit on a promissory note. Appellee Murry signed two promissory notes payable to the order of Main Bank & Trust, who transferred them to Interfirst. One was due on December 19, 1977, and the other was due on February 15, 1978. Murry failed to pay all that was due on the notes.

April 11, 1984, Interfirst filed suit against Murry to collect the debt. Murry answered denying Interfirst's allegations and filed a counter-claim alleging violations of the Deceptive Trade Practices Act. In his answer, Murry "specially except[ed]" to Interfirst's entire petition because "the alleged cause(s) of action are barred by the statute of limitations ..."

Interfirst filed a motion for summary judgment. Murry filed an answer to Interfirst's motion for summary judgment and contemporaneously filed a motion which read:

> *Motion to Set Hearing on Special Exceptions*
>
> To the Honorable Judge of Said Court:
> Now comes Defendant, James G. Murry, and moves this Honorable Court to set his Special Exceptions to the Original Petition of Plaintiff on file herein for hearing.

The hearing on the "Special Exceptions" was set for and held in one week's time from the date the motion was filed. ·

At the hearing, the trial court, after "having examined the pleadings and attached exhibits, the law applicable thereto and the argument of counsel," sustained Murry's "Special Exceptions and Plea in Bar" and dismissed Interfirst's action. Murry had no motion for the granting of a plea in bar or summary judgment in his favor on file at the time of the hearing.

The question before this court is whether the trial court erred in granting Murry's "Special Exceptions and Plea in Bar." We find that it did err, and we reverse.

■ Murry erroneously labelled his allegation concerning the statute of limitation as a special exception. What he did allege was an affirmative defense or a plea in bar.

Special exceptions "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations ..." TEX.R. CIV.P. 91. Special exceptions, therefore, go to defects in the way a party pleaded a cause of action. An allegation concerning the expiration of a cause of action is an affirmative defense, not a special exception. *See* TEX.R.CIV.P. 94. A defense based on a statute of limitation must be "set forth affirmatively." *Id.*

If Murry intended his pleading to be a special exception to Interfirst's petition, the trial court, after sustaining his special exception, should have given Interfirst an opportunity to replead. *See Steele v. Houston,* 603 S.W.2d 786, 788 (Tex.1980).

If Murry intended his pleading to be a plea in bar, he failed to give Interfirst proper notice because the notice he gave stated he set a hearing on his special exceptions.

■ In *Kelley v. Bluff Creek Oil,* 158 Tex. 180, 309 S.W.2d 208, 214 (1958), the defendant presented defenses "in bar" as pleas in abatement and, after a hearing, prevailed. *Id.* 309 S.W.2d at 214. The Supreme Court found that the pleas in abatement were really pleas in bar as granting the pleas summarily disposed of the case. *See id.* The Court said:

> Defenses 'in bar' are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment ... the practice of misnaming a plea in bar in order to procure a preliminary hearing as if the plea were one in abatement is confusing and not to be encouraged. *Id.*

In this case, we have almost the same situation as was addressed in *Kelley* except that the so-called plea in abatement in *Kel-*

*ley* was here called a special exception. Since special exceptions and pleas in abatement are both dilatory pleas, we see no reason to not follow the holding in *Kelley.*

The trial court erred in dismissing the case. It's judgment is reversed.[1]

---

1. In his brief, Murry asks for an award of damages since Interfirst appealed lacking sufficient cause and did so for the purposes of delay. *See* TEX.R.APP.P. 84. Because we find that Interfirst is correct in its assertion that the trial court erred in dismissing its case, we reject Murry's prayer for damages.