Mary Ellen **WALKER**, Appellant,

v.

Thomas G. **SHARPE, Jr.,** Appellee.

No. 13–90–187–CV.

Court of Appeals of Texas, Corpus Christi.

March 28, 1991.

See also 807 S.W.2d 448.

Rhett G. Campbell, Morris & Campbell, Houston, for appellant.

Thomas G. Sharpe, Jr., Luke C. Kellogg, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Mary Ellen Walker appeals from the trial court's dismissal of her suit against Thomas G. Sharpe, Jr. for breach of an agreement to pay the full amount for the purchase of Walker's house. We reverse the judgment of dismissal and remand this case to the trial court.

After the death of her husband, Mary Ellen Walker, in her capacity as Independent Executrix of. her husband's estate, agreed to sell the couple's home to Thomas G. Sharpe, Jr. for $85,000.00. She claimed that Sharpe had agreed to assume the $40,625.37 mortgage and to pay the balance of the sale price over a three-year period. Sharpe is an attorney who had represented the Walkers in the past and was representing Mary Ellen Walker in a medical mal-

practice action concerning the care given to her late husband at the time of his final illness. Walker conveyed the house and Sharpe assumed the mortgage. However, Walker subsequently filed suit in district court against Sharpe for breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices—Consumer Protection Act, real estate fraud, misrepresentation, and professional malpractice, claiming that Sharpe failed to pay the balance owed.

Sharpe answered that the agreement for sale of the house contemplated that he be credited for the interest payments that he would incur during the period of the mortgage, which would total more than the balance of the purchase price over the term of the mortgage. Sharpe also claimed other off-sets to the amount owed Walker, including the closing costs and the amount of attorney's fees that Walker still owed him for representation in the malpractice action. On these grounds, Sharpe claimed that he owed Walker nothing, and counterclaimed in the alternative for attorney's fees incurred in defending against Walker's claims.

In addition, Sharpe filed separate motions for summary judgment and to dismiss the suit, both based on a claimed res judicata effect of a July 13, 1988 probate court Order Confirming Sale of the property in question. The probate court order had been granted in connection with the administration of the late husband's estate. Sharpe contends that, while the Walker marital estate was still under the control of the probate court, that court had confirmed the sale of the home to Sharpe and held that the purchase price was fair and Sharpe owed Walker nothing further on the purchase of the home.[1] At a hearing set on both motions, Sharpe argued res judicata under his motion to dismiss, and the trial court accordingly granted an order of dismissal on January 11, 1990, from which Walker brings the present appeal.

After we received the transcript in the present appeal, appellee filed a motion to dismiss in this Court by which he raises an apparent ambiguity in the record concerning whether the trial court's order of dismissal constituted a final, appealable judgment. The finality of the order of dismissal depends upon whether it disposed of certain counterclaims brought by Sharpe. Appellant has responded that the language of the order of dismissal and the surrounding circumstances clearly indicate that a final judgment was intended. We have carried the motion with the case and will now examine the nature of the judgment rendered below.

In his Second Amended Original Answer, Defendant Sharpe generally claimed that the relief requested by the Plaintiff Walker would have the effect of modifying the original agreement for sale of the home. In addition, Sharpe made the following allegations which appear to allege a conditional counterclaim (emphasis added):

## XII.

Alternatively, *if the Plaintiff is allowed to modify this agreement,* Defendant then ... in order to put the parties in the position they were in at the time of the closing, March 12, 1984, [is entitled to recover] all monies paid on behalf of the Plaintiff under the assumption, being $38,800.00 plus interest, and attorneys fees, [and] all monies paid on behalf of Plaintiff, or debt of Plaintiff which merged in the consideration for conveyance to Defendant including cost of closing, and debts of Plaintiff.

## XIII.

The Defendant further prays that he ... relied on the [loan assumption] documents provided by United Savings and the Plaintiff and *if Plaintiff is now allowed to modify any of the agreements,* then defendant should also recover all his costs for improvements made to said property, and attoneys fees.

---

1. On January 16, 1990, Walker filed in the probate court a Motion to Set Aside Order Confirming Sale and for Bill of Review. The probate court denied this motion and bill on February 2, 1990, and Walker has attempted a separate appeal to this court from that denial.

XIV.

This Court should abate this action since both the Plaintiff and the lender have admitted that Defendant has assumed in excess of $85,000.00 and is bound to pay, and the lender, United Savings is not a party to this suit.

WHEREFORE, the Defendant prays that all special exceptions should be sustained, that this case be abated, and/or that Defendant recover his legal off-sets *in the event of modification,* plus attorneys fees and Court costs.

The trial court's order of January 11, 1990, states that (emphasis added):

The motion to dismiss this case filed herein by the Defendant, Thomas G. Sharpe, Jr. came on for a hearing on the 11th day of January, 1990, and the Court, after reviewing the evidence and hearing the argument of counsel is of the opinion this case should be dismissed.

It is hereby ORDERED, ADJUDGED and DECREED that the *Plaintiff's case is dismissed* and all Court costs are taxed against the Plaintiff, Mary Ellen Walker, for which let execution issue.

The trial court later filed findings and conclusions and signed a January 29, 1990 judgment, reciting that Plaintiff's claims had been earlier dismissed, but that Defendant presented evidence and was entitled to the following judgment:

It is hereby ORDERED, ADJUDGED and DECREED that Thomas G. Sharpe, Jr. has fully satisfied his obligations to pay all sums due and owing Mary Ellen Walker as a result of his assumption of a loan at United Savings of Texas regarding the purchase of Unit 5212, Section V, Ranch Viejo Subdivision, Cameron County, Texas and he is not indebted to Mary Ellen Walker for any sum.

It is further ORDERED, ADJUDGED and DECREED that Mary Ellen Walker failed to provide a title policy to Thomas G. Sharpe, Jr., as required by the assumption agreement executed by Mary Ellen Walker and Thomas G. Sharpe, Jr.

It is further ORDERED, ADJUDGED and DECREED that Thomas G. Sharpe, Jr. recover of and from Mary Ellen Walk-er the sum of $34,250.00 with interest at the legal rate from date of entry of Judgment, and all costs of Court, for which let execution issue.

Pursuant to Plaintiff's Amended Motion for New Trial or for Reconsideration of Order of Dismissal and Judgment filed February 8, 1990 and complaining of both the dismissal and the later judgment, the trial court on March 26, 1990, signed an order which:

ORDERED that the motion for new trial and for consideration is denied as to the [January 11, 1990] order; and it is further

ORDERED that the JUDGMENT signed and entered on January 29, 1990 and the findings of fact and conclusions of law also signed and entered on January 29, 1990 are entirely and completely set aside....

Therefore, the case presently stands upon the finality of the January 11, 1990 order of dismissal alone. Although the trial court attempted to grant additional relief to Sharpe by the January 29, 1990 judgment, that is of no present effect, and we must determine whether the dismissal alone was sufficient to constitute a final judgment.

■■■ A final judgment is one that disposes of all parties and all issues in a lawsuit. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982); *Higginbotham v. Bemis Co.,* 722 S.W.2d 511 (Tex.App.—Beaumont 1986, no writ). In determining whether the judgment is final, different presumptions apply depending on whether the judgment follows a conventional trial on the merits or results from default or summary proceedings. Following a conventional trial on the merits, the judgment is presumed final. This presumption, however, does not apply to default judgments and summary judgments, which are merely interlocutory unless they specifically dispose of all pleas for relief either expressly or by necessary implication. *See Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 898 (Tex.

1966). Specifically, it will not be presumed that a judgment dismissing a plaintiff's suit or nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action. *Aldridge*, 400 S.W.2d at 897; 4 R. McDonald, Texas Civil Practice in District and County Courts § 17.10.5 (rev. 1984); *see also Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990).

In the present case, the dismissal of "plaintiff's case" would not ordinarily be presumed to dispose of a remaining counterclaim. However, the counterclaim alleged by Sharpe was conditional upon relief being granted to Walker in the form of a modification of the purchase agreement. Texas Law requires a judgment to conform to the pleadings and the verdict under Tex. R.Civ.P. 301, and a party is limited to recovery upon the precise theory of recovery stated in his pleadings. *Wilson v. McCracken*, 713 S.W.2d 394, 395 (Tex.App. —Houston [14th Dist.] 1986, no writ); *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812 (Tex.1983); *Villalon v. Vollmering*, 676 S.W.2d 220, 222 (Tex.App. —Corpus Christi 1984, no writ). Therefore, since the order of dismissal denied any relief to Walker, the condition precedent to Sharpe's request for relief has been precluded, and the present order of dismissal effectively disposed of the counterclaim by implication. *See Velchoff v. Campbell*, 710 S.W.2d 613, 615 (Tex.App.—Dallas 1986, no writ); *Seureau v. Tanglewood Homes Association, Inc.*, 694 S.W.2d 119, 120–21 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Griffith v. Geffen & Jacobsen, P.C.*, 693 S.W.2d 724, 727 (Tex. App.—Dallas 1985, no writ); *Fenley v. Ogletree*, 277 S.W.2d 135, 149 (Tex.Civ. App.—Beaumont 1955, writ ref'd n.r.e.). Therefore, we hold that the dismissal of plaintiff's case constituted a final judgment as reinstated by the March 26, 1990 order, from which the present appeal has been perfected. We overrule appellee's motion to dismiss.

Appellant brings nine points of error challenging the trial court's dismissal, complaining that dismissal of the action was not the proper relief based on the defense of res judicata, that Sharpe failed in his burden to prove the prior judgment as a bar to the present action, that he failed to produce the judgment relied upon as res judicata, that the trial court should at most have abated the present action while Walker attempted to set aside the prior judgment, and that the prior judgment was not res judicata of all of Walker's claims.

By a number of points appellant complains of the manner in which the trial court dismissed the action without requiring Sharpe to affirmatively prove his defense of res judicata in compliance with the procedure governing motions for summary judgment. Specifically, by her first point of error, appellant complains that the trial court erred in dismissing the action because res judicata is a plea in bar which may not be determined by a motion to dismiss. In addition, by her fourth point of error, appellant complains that the trial court erred in granting defendant's motion to dismiss because defendant failed to produce proper evidence of the pleadings and papers from the probate action. Finally, by his sixth point of error, appellant complains that the trial court erred in dismissing plaintiff's action without giving plaintiff twenty-one days' notice of the documents and pleadings that defendant intended to rely upon at the hearing on the motion to dismiss, in accordance with Tex. R.Civ.P. 166a regarding summary judgment proceedings. We will therefore discuss points one, four and six together as an attack on the manner by which the trial court heard and decided the motion to dismiss.

Res judicata is an affirmative defense under Tex.R.Civ.P. 94 and should be treated as a "plea in bar," rather than as a plea in abatement or a plea to the jurisdiction. *See Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967).[2]

---

2. We note that ordinarily the proper procedure in sustaining a plea of res judicata or any other plea in bar is to enter a take-nothing judgment in favor of the defendant. *Texas Highway De-*

A plea in bar may not properly be sustained at a preliminary hearing unless the parties agree to this procedure or summary judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex.1958); *Interfirst Bank San Antonio N.A. v. Murry*, 740 S.W.2d 550 (Tex.App.—San Antonio 1987, no writ); *Unitrust, Inc. v. Jet Fleet Corp.*, 673 S.W.2d 619, 622–23 (Tex.App.—Dallas 1984, no writ); *Piper v. Estate of Thompson*, 546 S.W.2d 341, 343–44 (Tex.Civ.App.—Dallas 1976, no writ).

■ In the present case, it is clear that Walker did not agree to the preliminary disposition of the motion to dismiss, and the trial court granted dismissal over Walker's objection that summary judgment was the only proper way to dispose of the res judicata defense before trial. Therefore, the dismissal can be affirmed only if the hearing and disposition can be characterized as a summary judgment.

Summary judgment may be granted upon a proper plea of res judicata. *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 197 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). A party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including the judgment and pleadings from the prior suit. *Scurlock Oil Co. v. Smithwick*, 787 S.W.2d 560, 562 (Tex.App.—Corpus Christi 1990, no writ); *Traweek v. Larkin*, 708 S.W.2d 942, 945 (Tex.App.—Tyler 1986, writ ref'd n.r.e.); *City of Houston v. Houston Chronicle Publishing Co.*, 673 S.W.2d 316, 321 (Tex.App.—Houston [1st Dist.] 1984, no writ); *see also Davis v. Davis*, 141 Tex. 613, 175 S.W.2d 226, 229–30 (1943); *Ogden v. Coleman*, 660 S.W.2d 578, 583–84 (Tex.App.—Corpus Christi 1983, no writ). To prevail on summary judgment, therefore, a party must produce proper summary judgment evidence, including verified or certified copies of the judgment and pleadings establishing the asserted plea of res judicata. *See Boswell v. Handley*, 397 S.W.2d 213, 216 (Tex.1965); *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Wiley v. Wiley*, 576 S.W.2d 465, 467 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *Serna v. Reyna*, 418 S.W.2d 701, 703 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.).

■ In the present case, Sharpe had the burden to produce proper summary judgment evidence of the probate court action sufficient to bar the present action under res judicata. The probate judgment was not filed in the present case before the hearing, and is present in the record only as an exhibit to Walker's motion for new trial. Although the statement of facts from the hearing does suggest that Sharpe handed the trial court a certified copy of the probate judgment, it was not properly before the trial court and is not before this Court as proper summary judgment evidence under Tex.R.Civ.P. 166a. *See State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); *Boswell*, 397 S.W.2d at 216; *Carr v. Hertz Corp.*, 737 S.W.2d 12, 14 (Tex.App.—Corpus Christi 1987, no writ). We sustain appellant's first, fourth and sixth points of error. Because these points are dispositive of the present appeal, we do not address the remaining points.

The judgment of dismissal is REVERSED and this cause is REMANDED to the trial court.

---

*partment v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967); *Rhodes v. McCarron*, 763 S.W.2d 518, 521 (Tex.App.—Amarillo 1988, writ denied). However, a dismissal with prejudice generally has the same effect and will be treated as a summary judgment that the plaintiff take nothing. *Truelove v. Hamilton Energy, Inc.*, 627 S.W.2d

499 (Tex.App.—Tyler 1981, writ ref'd n.r.e.); *Robinson v. Buckner Park, Inc.*, 547 S.W.2d 60 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *see also Rosenthal v. Groves*, 387 S.W.2d 920, 923 (Tex.Civ.App.—Houston 1965, no writ); *Dyches v. Ellis*, 199 S.W.2d 694, 696 (Tex.Civ. App.—Austin 1947, no writ).