**Sharon DEARING, Appellant,**

v.

**T.C. JOHNSON, Jr., Danny Vaughan and Kathleen A. Vaughan, Appellees.**

No. 06–97–00015–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 22, 1997.

Decided June 4, 1997.

Deborah J. Race, Ireland, Carroll, Kelley, Tyler, for appellant.

Danny W. Vaughn, Mount Pleasant, pro se.

Kathleen A. Vaughn, Mount Pleasant, pro se.

Robert Rolston, Rolston Law Office, Mount Pleasant, for appellee T.C. Johnson, Jr.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Sharon Dearing appeals from an adverse summary judgment in her suit for declaratory judgment. She sought a judgment declaring her to be the widow, rather than the divorcee, of Rocky Johnson. In order to make such declaration, the trial court must have found that a previous judgment divorcing Dearing and Johnson was void because Johnson died before the divorce judgment was rendered. The trial court refused to make such a ruling and rendered judgment against Dearing. We will modify and affirm the trial court's judgment.

Dearing and Johnson were married on February 24, 1990. She filed for divorce on February 4, 1993. The district court held a hearing on May 28, 1993. Both parties expressly waived the making of a record of the hearing. The trial judge signed the written divorce decree on July 30, 1993. The trial judge was not informed that Johnson had died some seventeen days earlier. Dearing filed a motion for new trial, which did not mention that Johnson had died. The trial court overruled the motion for new trial, and Dearing did not appeal. The record of the divorce does not contain any evidence that Johnson died before the decree was signed.

Dearing brought suit for declaratory judgment against her former husband's father, T.C. Johnson, and the Vaughans, who had purchased Rocky Johnson's home from T.C. Johnson.

In this declaratory judgment action, Dearing produced the death certificate showing that Johnson died on July 13, 1993, before the written judgment of divorce was signed.

Johnson and the Vaughans contended that, although the written divorce judgment was not signed until after Johnson had died, the divorce judgment was actually orally pronounced and rendered in open court on May 28, 1993, at a time when Johnson was still living and was present in court. Dearing contended that the judgment was not rendered until after Johnson died, when the decree was signed, and that it was thus void because the court had lost jurisdiction of Johnson.

Both parties moved for summary judgment. The court granted summary judgment for Johnson and dismissed the suit against the Vaughans. Dearing has appealed.

■ Dearing concedes that this is a collateral attack on the divorce judgment and, in order to prevail, she must show that the divorce decree is void, not merely voidable. *Ex parte Coffee,* 160 Tex. 224, 328 S.W.2d 283, 286 (1959). Dearing contends that there is insufficient summary judgment evidence to show that the divorce court orally rendered judgment before Johnson died. We disagree.

■ Johnson and the Vaughans attached to their motion for summary judgment an affidavit of the trial judge who presided at the divorce hearing, the Honorable B.D. Moye. Judge Moye stated that at the conclusion of the hearing on May 28, 1993, he orally pronounced and rendered judgment. His affidavit in part states as follows:

After hearing all of the evidence presented by both parties, I proceeded to write on the docket sheet my order and judgment in the case. After writing out my order, I orally, from the bench, in the presence of both of the parties and their attorneys announced my ruling. From the bench I stated that the divorce was granted to the parties. I also stated that I awarded the house which was in dispute to Rocky Dale Johnson who was the Respondent. I also awarded Rocky Dale Johnson the property listed on Respondent's Exhibit 1 which had been offered and received in evidence. I also ordered him to pay $15,000.00 of the debts. I awarded

Ms. Johnson the remainder of the community property and ordered that she pay the remainder of the debts. This disposed of all of the disputed matters that were presented by both sides at the final hearing.

In addition, Judge Moye attached a copy of the docket sheet he prepared at the conclusion of the hearing. It states:

Divorce granted. Mr. Johnson awarded the house, the property listed on [Respondent's Exhibit 1] that he wants and he is ordered to pay $15,000 in debts. Mrs. Johnson is awarded the remainder of the [community property] and ordered to pay the remainder of the debts.

This summary judgment evidence supporting Johnson and the Vaughans' motion is uncontroverted and is sufficient to show that the judgment was rendered in open court on May 28, 1993, before Johnson died. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969); *Verret v. Verret,* 570 S.W.2d 138 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ); *Austin v. Austin,* 553 S.W.2d 9 (Tex.Civ.App.-Eastland 1977, writ dism'd). Dearing contends that the docket entry is insufficient to constitute a written memorandum of the judgment. Nevertheless, it can be evidence supporting and corroborating the judge's testimony that he orally rendered judgment on May 28, 1993. *See Austin v. Austin,* 553 S.W.2d at 10.

Dearing also contends that an oral pronouncement and rendition of judgment must be gleaned from the very words used by the judge at the time, and because we do not have a statement of facts of the hearing in her divorce action, we do not have sufficient proof that the judge in fact orally rendered judgment. We do have, however, the undisputed testimony of the judge that he did orally render judgment that disposed of all issues in the case. In the context of this action, that is sufficient to support summary judgment.

There is another reason why the judgment should be affirmed.

■ When a court has jurisdiction of the subject matter of the action, but there is a defect in its personal jurisdiction over one of the parties, the court's rendition of judgment may be erroneous, but it is only voidable, not

void. *Tidwell v. Tidwell*, 604 S.W.2d 540 (Tex.Civ.App.-Texarkana 1980, no writ). Divorce actions are *quasi in rem* so that the court has jurisdiction over the *res*-the status of the marriage-even though its personal jurisdiction over the parties may be imperfect. *Butler v. Butler*, 577 S.W.2d 501 (Tex.Civ. App.-Texarkana 1978, writ dism'd); *Dosamantes v. Dosamantes*, 500 S.W.2d 233 (Tex. Civ.App.-Texarkana 1973, writ dism'd), and cases there cited.

■ There is no question that the trial court had jurisdiction over the subject matter of the divorce until thirty days after rendition of the judgment. Even if the judgment was not rendered until after Johnson died, that fact, in any event, would only make the judgment voidable and subject to correction on appeal. Dearing had a right to appeal, but she did not appeal. Thus, the divorce judgment became final and cannot be successfully attacked collaterally.

■ Dearing also argues that the trial court in this action erred by dismissing her suit against the Vaughans because they only complained that the divorce decree operated as *res judicata* and they did not seek a dismissal, but rather a judgment in their favor. The trial court rendered summary judgment against Johnson, but dismissed the suit against the Vaughans.

■ *Res judicata* is an affirmative defense under Tex.R. Civ. P. 94, and should be treated as a plea in bar that reaches the merits of the case. *In re A.L.J.*, 929 S.W.2d 467, 469 (Tex.App.-Tyler 1996, writ denied). Ordinarily, the proper procedure in sustaining a plea of *res judicata*, or any other plea in bar, is to enter a take-nothing judgment in favor of the defendant. *Texas Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967); *Rhodes v. McCarron*, 763 S.W.2d 518, 521 (Tex.App.-Amarillo 1988, writ denied). A dismissal with prejudice generally has the same effect and will be treated as a summary judgment that the plaintiff take nothing. *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex. App.-Corpus Christi 1991, no writ); *Truelove v. Hamilton Energy, Inc.*, 627 S.W.2d 499 (Tex.App.-Tyler 1981, writ ref'd n.r.e.).

We conclude that in the absence of an appeal, the decree in the divorce action has full effect on the parties and that *res judicata* applies. Dismissal of Dearing's action against the Vaughans was therefore not the appropriate rendition.[1] We will modify the judgment to decree that Dearing take nothing against the Vaughans.

As modified, the judgment of the trial court is affirmed.

---

1. In this case, Dearing's action was dismissed, but not with prejudice.