11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Geneva
Honeycutt

Appellant

Vs.                   No. 
11-03-00081-CV -- Appeal from Howard County

David
Higgins and Janet Higgins

Appellees

 

This appeal arises from a summary judgment granted
on the sole ground of res judicata. Geneva Honeycutt filed the underlying
action against David Higgins and Janet Higgins with respect to a gate located
on property owned by appellees. 
Honeycutt uses the gate and a road running across appellees= property by virtue of a
judicially-established easement in order to travel to and from her
property.  This action is the third
lawsuit between the parties concerning the gate.  We reverse and remand.

Appellees filed the first lawsuit sometime prior
to February 1996 against Honeycutt and others in an apparent effort to prohibit
the defendants= use of
the road located on appellees=
property.[1]
Honeycutt filed a counterclaim in the first suit wherein she sought to
establish an easement to use the road on theories of easement by implication,
easement by necessity, and easement by prescription. The trial court entered
judgment in the first lawsuit in April 1997 awarding Honeycutt and the other
defendants an easement by way of necessity across the road. The trial court=s judgment also provided that Honeycutt
and the other defendants were permanently enjoined from intentionally leaving
open the gate in question in their use of the easement.








Honeycutt filed the second lawsuit concerning the
gate in U.S. federal district court in March 2000.  She alleged in the suit that appellees
operated the gate in such a manner as to violate 42 U.S.C. ' 2000a of the Civil Rights Act of
1964.  She also alleged violations of the
Americans with Disabilities Act of 1990. 
See 42 U.S.C. '
12101 et seq.  Honeycutt sought the
removal of the gate based upon these statutory provisions.  The U.S. federal district court granted
summary judgment in favor of appellees in November 2000.  The record does not indicate the basis upon
which the court granted summary judgment in favor of appellees.

Honeycutt filed the underlying action against
appellees in September 2001.  Honeycutt=s petition contained allegations that
appellees had taken steps to deny her use of the easement.  She also alleged that A[t]he
employment of the present gate is unreasonable to [her] present physical
status.@  Honeycutt sought the entry of an injunction
prohibiting appellees from interfering with her use of the easement.  She also sought damages for previous
instances wherein she alleged that appellees restricted her use of the
easement.  Honeycutt additionally sought Aan affirmative injunction for removal
of the present gate and the placement of a gate that would accommodate [her]
use.@

The trial court entered summary judgment in favor
of appellees on January 28, 2003, on the express ground of res judicata.  Honeycutt attacks the trial court=s judgment in two points of error.  In her first point of error, she alleges that
the trial court erred in granting appellees=
motion for summary judgment.  She asserts
that the trial court erred in refusing to modify its original  injunction in her second point of error.

The movant for summary judgment has the burden to
show that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548 (Tex.1985). When deciding whether there is a disputed material
fact issue precluding summary judgment, the appellate court must take as true
all evidence favorable to the non-movant. Nixon v. Mr. Property Management
Company, Inc., supra at 548-49. The reviewing court must indulge every
reasonable inference in favor of the non-movant and resolve any doubts in its
favor. Nixon v. Mr. Property Management Company, Inc., supra at 549.








Appellees filed their motion for summary judgment
in the underlying action solely on the 
affirmative defense of res judicata. 
Summary judgment may be obtained on the affirmative defense of res
judicata.  See Jones v. Nightingale,
900 S.W.2d 87, 88 (Tex.App. - San Antonio 1995, writ ref=d);
Walker v. Sharpe, 807 S.W.2d 442, 447 (Tex.App. - Corpus Christi 1991,
no writ).  We apply the usual standard of
review.  A defendant who moves for
summary judgment on the basis of an affirmative defense has the burden to prove
conclusively all the elements of the affirmative defense as a matter of
law.  KPMG Peat Marwick v. Harrison
County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex.1999).

With respect to the judgment entered in the first
lawsuit, Texas follows the transactional approach to res judicata.  State and County Mutual Fire Insurance Company
v. Miller, 52 S.W.3d 693, 696 (Tex.2001). 
The doctrine prevents the relitigation of a finally-adjudicated claim
and related matters that should have been litigated in a prior suit. State
and County Mutual Fire Insurance Company v. Miller, supra at 696. A
subsequent suit is barred if it arises out of the same subject matter of a
previous suit and which, through the exercise of due diligence, could have been
litigated in a prior suit. Barr v. Resolution Trust Corp. ex rel. Sunbelt
Federal Savings, 837 S.W.2d 627, 631 (Tex.1992).  Application of the doctrine requires proof of
the following elements: (1) a prior final judgment on the merits by a court of
competent jurisdiction; (2) identity of parties or those in privity with them;
and (3) a second action based on the same claims as were raised or could have
been raised in the first action. Amstadt v. United States Brass Corporation,
919 S.W.2d 644, 652 (Tex.1996).

Since the second lawsuit was decided in federal
court, federal law controls the determination of whether res judicata bars this
proceeding.  Eagle Properties, Ltd. v.
Scharbauer, 807 S.W.2d 714, 718 (Tex.1990). 
Under federal law, res judicata is appropriate if (1) the parties to
both actions are identical (or at least in privity); (2) the judgment in the
first action is rendered by a court of competent jurisdiction; (3) the first
action concluded with a final judgment on the merits; and (4) the same claim or
cause of action is involved in both suits. 
See United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir.1994).

The burden of proving res judicata rests on the
party asserting the defense.  Walker
v. Sharpe, supra at 447.  Therefore,
in order to prevail, the movant must produce summary judgment evidence, including
verified or certified copies of the judgment and pleadings from the prior suit,
sufficient to establish the applicability of res judicata as a matter of
law.  Walker v. Sharpe, supra at
447; see Boswell v. Handley, 397 S.W.2d 213, 216 (Tex.1965).  Appellees=
summary judgment evidence consisted of the following items: (1) Honeycutt=s counterclaim in the first lawsuit;
(2) the final judgment entered in the first lawsuit; (3) Honeycutt=s original petition in the second
lawsuit; (4) the final judgment entered in the second lawsuit; and (5) excerpts
of Honeycutt=s
deposition transcript.








Honeycutt argues in her first point of error that
the doctrine of res judicata does not prohibit an attempt to modify an
injunction on a showing of changed circumstances.  Honeycutt=s
assertion in this regard is a correct statement of the law.  AA
trial court generally retains jurisdiction to review, open, vacate or modify a
permanent injunction upon a showing of changed conditions.@ 
City of San Antonio v. Singleton, 858 S.W.2d 411, 412
(Tex.1993).  Appellees contend that this
principle is inapplicable in this case because Honeycutt did not seek the
modification of the original injunction in the trial court, but rather is
seeking the issuance of a new injunction. 

The nature of a pleading is determined by
examining its substance rather than its title or form.  See State Bar of Texas v. Heard, 603
S.W.2d 829, 833 (Tex.1980).  Honeycutt=s original petition did not contain an
express request to modify the original injunction.  However, she did allege that A[t]he employment of the present gate is
unreasonable to [her] present physical status.@[2]  Based upon this allegation, Honeycutt sought
the replacement of the current gate with one that would accommodate her
use.  Honeycutt filed this request in the
same trial court which entered the original injunction.  We find that Honeycutt pleaded sufficient
facts to invoke the trial court=s
continuing jurisdiction to modify the original injunction based upon a change
in circumstances that have allegedly occurred since its entry.    

Moreover, it does not appear that appellees met
their burden of establishing their res judicata defense, especially with respect
to the second lawsuit filed in federal district court.  While the record does contain the federal
district court=s
judgment, the document only states: AThe
Court having granted [appellees=]
Motion for Summary Judgment, enters the following judgment: IT IS ORDERED,
ADJUDGED, AND DECREED that [Honeycutt] take nothing as against [appellees].@ 
The record does not establish the basis upon which the federal court
entered summary judgment in appellees=
favor.  The court in Vogel v. The
Travelers Indemnity Company, 966 S.W.2d 748, 752 (Tex.App. - San Antonio
1998, no pet=n),
determined that the absence from the summary judgment record of the operative
motion leading to the dismissal of a previous action is a fatal omission to
establishing the defense of res judicata.








Honeycutt=s
first point of error is sustained.  We do
not consider her second point of error wherein she argues that the trial court
erred in refusing to modify the original injunction because it does not appear
that the trial court has considered the merits of her contention in light of
the grant of summary judgment on res judicata grounds.

The trial court=s
judgment is reversed and remanded.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

June 24, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]The
record does not include a copy of the petition filed by appellees in the first
suit.





     [2]She
asserted in her response to the motion for summary judgment that a material
change of circumstances had occurred since the entry of the original
injunction.