# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00173-CV

**Anthony Sheridan; Sheridan Marketing Group, Inc. d/b/a SMG Construction; Robert Sheridan; and Linda Sheridan, Appellants**

**v.**

**C. G. Haydon d/b/a Haydon Concepts, Appellee**

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D150318C, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Anthony Sheridan, Sheridan Marketing Group, Inc. d/b/a SMG Construction (SMG), Robert Sheridan, and Linda Sheridan[1] appeal from the trial court's summary judgment in favor of appellee C.G. Haydon d/b/a Haydon Concepts (Haydon) on Haydon's claims stemming from a dispute about construction services. For the following reasons, we affirm the trial court's final summary judgment.

## BACKGROUND

In July 2015, Haydon filed an Original Petition and Alternative Motion to Enforce Rule 11 Agreement alleging that on June 29, 2011, he and SMG executed a valid and enforceable settlement agreement and promissory note (Settlement) to settle pending litigation

---

[1] Because several of the appellants share the same last name, for convenience we use their first names when necessary to distinguish among them.

(the 2008 Lawsuit) between them. The 2008 Lawsuit stemmed from SMG's alleged nonpayment to Haydon for labor and materials with respect to two construction contracts for which SMG had hired Haydon as a subcontractor or construction manager. The contracts involved the construction of a home for Anthony's parents, Robert and Linda. The Settlement allegedly required SMG to pay Haydon $13,500.00 plus accrued interest on November 25, 2011, and required Haydon to nonsuit his claims against Anthony and SMG. Pursuant to the Settlement, Robert personally guaranteed SMG's obligation.

In his live petition, Haydon alleged that he nonsuited his claims as required by the Settlement but that SMG failed to make the required payment to him. He alleged that Anthony, Robert, and Linda—each of whom is an officer and/or director of SMG—acted in concert to fraudulently induce him into signing the Settlement with no intention of abiding by its terms and that he suffered damages thereby, including forgoing his damages by nonsuiting his claims. Haydon asserted causes of action for breach of contract, fraud, and civil conspiracy and also sought a declaratory judgment that he has a valid and enforceable mechanic's and materialman's lien on the subject property. Haydon sought actual and consequential damages and attorney's fees and requested alternatively, "if and only if" he "does not recover his actual and consequential damages," that the court enforce a May 17, 2011 Rule 11 Agreement as a judgment jointly and severally against Anthony and SMG.

The parties filed competing motions for summary judgment. Appellants asserted in their motion, among other arguments, that Linda and Anthony are not personally liable under Section 21.223 of the Texas Business Organizations Code and that Haydon's claims are barred by res judicata. In his motion, Haydon argued that he was entitled to summary judgment as to liability and damages with respect to each of his claims because there is no genuine issue of

2

material fact as to any of them. He attached to his motion his affidavit and that of his attorney, copies of several supporting documents (e.g., the Settlement agreement and guarantee), the deemed admissions of each defendant, *see* Tex. R. Civ. P. 198.2, and an expert report on damages prepared by Carolyn McKee, CPA. Appellants did not object to any of Haydon's summary-judgment evidence. Haydon additionally filed a motion for sanctions asserting that appellants had failed to respond to or answer any of his discovery requests and requesting, among other relief, that appellees be prohibited from introducing (a) any evidence that is contrary to the admissions that are considered deemed by their failures to respond and (b) any evidence that appellees could have produced or introduced in response to the discovery requests.

On February 24, 2020, the trial court conducted a hearing on Haydon's motions for summary judgment and for sanctions.[2] On December 17, 2021, the trial court rendered its Order Granting Plaintiff's Motion for Summary Judgment and Final Judgment. Among its recitations, the order states that the trial court "finds that a [sic] consequence of the failure of all Defendants to serve on Plaintiff any response to Plaintiff's discovery requests and all Defendants' failure to serve on Plaintiff, on or before September 18, 2019, any of the items listed as part of the Pre-Trial Exchange pursuant to the Court's Scheduling Order of January 28, 2019, all Defendants are prohibited from presenting any evidence." The order also granted Haydon's summary-judgment motion, without specifying the basis therefor, and rendered judgment for him as follows: (1) the recovery from SMG and Robert, jointly and severally, of $13,500.00 in damages, plus pre- and post-judgment interest thereon; (2) the recovery from Anthony and Linda, jointly and severally, of $123,082.16 in damages, plus pre- and post-judgment interest

---

[2] The record does not reflect whether the trial court conducted a hearing on appellees' motion for summary judgment, but the trial court denied the motion in an order rendered the same date as its final judgment.

3

thereon; (3) the recovery of court costs from all four defendants, jointly and severally; and (4) the recovery from SMG and Robert of $60,000 in attorney's fees, plus interest, and conditional appellate attorney's fees. After filing a motion for new trial, appellants timely perfected this appeal challenging the trial court's summary judgment and exclusion of their evidence.

## DISCUSSION

We review de novo the trial court's summary judgment, *see Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005), and its exclusion of appellants' evidence for an abuse of discretion, *see Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 442 (Tex. App.—Austin 2009, no pet.). Appellants raise six issues.

We address appellants' third issue first because it affects our review of other issues. In their third issue, appellants contend that the trial court erred in excluding all of their evidence because it was effectively a "death-penalty sanction," which was unjust under the circumstances because it did not meet the requirements of Texas Rules of Civil Procedure 215.2(b) and 215.3. *See* Tex. R. Civ. P. 215.2(b) (allowing "just" sanctions for failure to comply with discovery requests or discovery orders), 215.3 (providing for sanctions if party abuses discovery process); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, (Tex. 1991) (noting that courts follow two-part test in determining whether particular sanction for discovery abuse is just). However, as Haydon responds, the trial court's sanction was automatic under Rule 193.6(a). *See* Tex. R. Civ. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a

4

witness (other than a named party) who was not timely identified . . . ."); *F 1 Construction, Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *2 (Tex. App.—Dallas Jan. 20, 2021, no pet.) (mem. op.) (distinguishing Rule 215 sanctions, which are discretionary, from Rule 193.6 penalty, which is automatic and not discretionary, and providing that court's imposition of latter type "is not reviewed under a *TransAmerican* death penalty sanction analysis").

The automatic exclusion under Rule 193.6(a) applies to summary-judgment proceedings, and a trial court's exclusion of evidence thereunder, when the sanctioned party has not met its burden to prove an exception, is not an abuse of discretion. *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 880 (Tex. 2009); *Mancuso v. Cheaha Land Servs., LLC*, No. 2-09-241-CV, 2010 WL 3193317, at *3–4 (Tex. App.—Fort Worth Aug. 12, 2010, no pet.) (mem. op.). Appellants point to nothing in the record evidencing that they timely complied with or responded to Haydon's discovery requests or asked the court to make an exception to the mandatory sanction. We accordingly overrule appellants' third issue.

In their first issue, appellants contend that the trial court erred in "failing to grant [their] affirmative defense of Res Judicata." *See* Tex. R. Civ. P. 94 (identifying res judicata as affirmative defense). Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022). A party opposing summary judgment by relying on an affirmative defense must come forward with summary-judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Furthermore, a party

5

seeking summary judgment based on an affirmative defense must conclusively establish each element of the defense. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

Although appellants attached two affidavits to their motion for summary judgment, they did not present evidence relevant to any of the elements of their affirmative defense, such as the judgment and pleadings from the prior lawsuit. *See Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex. App.—Corpus Christi–Edinburg 1991, no writ) ("A party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including the judgment and pleadings from the prior suit."). Moreover, even had appellants proffered such evidence, they could not have relied on it because, as we have already determined, the trial court properly excluded all of their evidence. We overrule appellants' first issue.

In their related second issue, appellants contend that the trial court erred in "granting damages that occurred prior to the Order of Non-Suit" rendered in the 2008 Lawsuit. They support this argument primarily with citations to caselaw outlining the general rule of res judicata: that it "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *See, e.g., Barr v. Resolution Tr. Corp., ex re. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628–29 (Tex. 1992). However, we have already determined that appellants were not entitled to judgment on their affirmative defense of res judicata.

As further support for their contention that the trial court improperly awarded pre-nonsuit damages, appellants point to a section of the Settlement providing that the parties thereto "release[] and forever discharge[]" each other and that the release extends to "all claims, demands, damages, actions, causes of action, or suits in equity, of any kind or nature, whether

6

known or unknown, arising out of any of the events or circumstances recited in this release agreement and described in" the 2008 Lawsuit. However, appellants do not identify any specific damages with which they take issue, cite any portion of the trial court's judgment purportedly constituting pre-nonsuit damages, or explain why any such damages are prohibited by the quoted language in the Settlement. They also do not cite any authority for their contention. We conclude that appellants have, therefore, waived these arguments. *See* Tex. R. App. P. 38.1 (listing required elements of appellant's brief, including "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *LMP Austin English Aire, LLC through Lafayette English Partner, LLC v. Lafayette English Apartments, LP*, 654 S.W.3d 265, 291 (Tex. App.—Austin 2022, no pet.).

Appellants make one final argument in the section pertaining to their second issue: that Section 21.223 of the Business Organizations Code precludes the imposition of personal liability on Linda and Anthony and that only Robert—as guarantor—had personal liability. However, that section applies to shareholders, not officers and directors, and appellants point to no evidence in the record demonstrating that Linda and Anthony were shareholders during the relevant time. *See* Tex. Bus. Orgs. Code § 21.223. Moreover, even if Linda and Anthony were shareholders, Section 21.223 allows for personal liability of shareholders who have "caused the corporation to be used for the benefit of perpetrating and did perpetrate an actual fraud on the obligee primarily for the[ir] direct personal benefit[.]" *See id.* § 21.223(b). Haydon alleged in his fraud and conspiracy causes of action that Linda, Anthony, and Robert acted in concert to obtain Haydon's construction services without intending to pay him the amounts to which he was entitled and then fraudulently induced him into signing the Settlement to settle his valid claims for an amount less than that to which he was entitled, and that Anthony

and Linda personally benefitted thereby because they are shareholders in the corporation that holds the mortgage on the subject house. We are not persuaded by appellants' argument about Section 21.223 due to the allegations and evidence that Haydon proffered to support his fraud claims, and appellants have not challenged any of the evidence supporting the elements of fraud, except as discussed immediately below.

In their fourth issue, appellants contend that the trial court erred in drawing the "wrong conclusions from the evidence" on the issue of fraud. Without any citation to the record, appellants explain their issue thusly: the trial court "accepted as true [Haydon's] assertion that there had been a material misrepresentation made by [appellants] to [Haydon] because [appellants] knew, at the time of the signing of the [Settlement] . . . that there were not sufficient funds available to [appellants] to fulfill the monetary obligation." They argue that had the trial court viewed this "evidence" in their favor, as it was required to do, *see Valence Operating*, 164 S.W.3d at 661, it could not reasonably have determined that appellants made a material misrepresentation thereby. It appears, therefore, that appellants are challenging the element of fraud requiring a material misrepresentation, *see Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018) (listing fraud and fraudulent-inducement elements), but they do not cite any evidence in the record with which they take issue as to this element. Haydon proffered evidence in support of his fraud claims and his derivative civil conspiracy claims, and appellants do not cite to it, take issue with any of it, or make any arguments about how it did not establish Haydon's right to judgment as a matter of law. We overrule appellants' fourth issue.

We overrule appellants' fifth issue because they have waived it due to inadequate briefing. *See LMP Austin English Aire*, 654 S.W.3d at 291. Although they list in their "Issues Presented" a fifth issue—that "the trial court err[ed] in finding that there was no genuine issue

8

of material fact on the issue of civil conspiracy when the discovery, even if accepted as true, fail[ed] to dispose of all of the elements of civil conspiracy"—they make no arguments in the body of their brief explaining their argument and do not cite any authority or portions of the record in support. *See* Tex. R. App. P. 38.1.

In their sixth and final issue, appellants contend that the trial court "err[ed] in finding that there was no genuine issue of material fact on the issue of declaratory judgment when the discovery, even if accepted as true, fail[ed] to dispose of all the elements necessary to support a declaratory judgment." Although Haydon had moved for summary judgment on his request for specific declarations pertaining to the validity of the mechanic's and materialman's lien he had filed on the subject property, the final judgment contains no declarations at all. Furthermore, as with their fifth issue, appellants fail to support their sixth issue with a clear and concise argument, and they cite no authorities or portions of the record. In the argument portion of their brief regarding this issue, appellants contend merely that "there is no finding that there existed a valid and enforceable contract between SMG Marketing Group, Inc. and Movant . . . because there is no ruling on the request for declaratory judgment. As such [,] each and every item of damages . . . and attorney's fees must be reversed." We do not see the relevance of such contention or its connection to appellants' stated sixth issue, and we thus overrule it for inadequate briefing. *See id.*; *LMP Austin English Aire*, 654 S.W.3d at 291.

## CONCLUSION

Having overruled appellants' issues, we affirm the trial court's final judgment.

9

_____
Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed:   August 25, 2023