### IN the INTEREST OF A.M., A minor child.

No. 04–96–00373–CV.

Court of Appeals of Texas, San Antonio.

Nov. 27, 1996.

Daniel R. Rutherford, Steven P. Redgate, Sr., San Antonio, for Appellant.

Carter Casteel, Frank B. Suhr, New Braunfels, for Appellee.

Before CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

## OPINION

CHAPA, Chief Justice.

### Nature of the Case

This is an appeal from an order dismissing appellant's petition to establish parent-child relationship. In three points of error, appellant contends that the trial court erred in 1) conducting a non-jury trial in spite of appellant's demand for a jury; 2) conducting a hearing on the merits of an affirmative defense absent a motion for summary judgment; and 3) retroactively applying section 160.110(f) of the Family Code to the facts of this case. We affirm.

### Factual and Procedural Background

Appellees, Dennis and Tami Malatek have been married since 1983. During their marriage, Tami gave birth to A.M. As such, Dennis is A.M.'s presumed father.[1] However, it is undisputed that Dennis is not A.M.'s biological father. A.M.'s biological father is appellant, Drew Engelke, with whom Tami had a long-term love affair.

A.M. was born on September 27, 1990. Since that time, A.M. has not had a parent-child relationship with Drew. She has never

---

1. A man is presumed to be the biological father of a child if he and the child's biological mother are married to each other at the time the child is born. TEX. FAM.CODE ANN. § 151.002(1)(Vernon 1996).

lived with Drew and Drew has not provided her with financial support. Other than an eight month period during 1993 and 1994, when the Malateks were separated, A.M., Dennis, and Tami have lived together as a family. Dennis Malatek has supported A.M. and held her out as his child since her birth. Dennis is listed as A.M.'s father on her birth certificate and A.M. carries Dennis's surname.

On September 14, 1995, appellant filed a petition to establish a parent-child relationship with A.M., seeking a determination as to paternity, joint managing conservatorship, and child support. On December 19, 1996, a hearing was held in which the trial court determined that appellant's suit was barred by section 160.110(f) of the Texas Family Code.[2] Accordingly, appellant's suit was dismissed.

### Arguments on Appeal

#### A. Request for Jury Trial

In appellant's first point of error, he contends that the trial court erred in denying him a jury trial where he had properly requested a jury pursuant to TEX.R. CIV. P. 216. On October 31, 1995, appellees filed a motion to set the case for trial on the merits on the trial court's December 19, 1995, non-jury docket. On November 6, 1995, appellant filed his request for jury trial and tendered the appropriate fee. Then, on November 21, 1995, appellees filed a motion to set a hearing on whether the suit was barred by limitations, again on the trial court's December 19, 1995, non-jury docket. A hearing was held before the court on December 19, 1995, at which time the suit was dismissed.

■ By requesting a jury trial and paying the jury fee, appellant perfected his right to a jury trial. TEX.R. CIV. P. 216. However, once perfected, the right to a jury trial in a

civil case may still be waived by a party's failure to act. *Sunwest Reliance Acquisitions Group, Inc. v. Provident National Assur. Co.*, 875 S.W.2d 385, 387–88 (Tex.App.—Dallas 1993, no writ). A party is required to act affirmatively in order to preserve the right to complain on appeal that it was denied its right to a trial by jury. *Id.; see* TEX.R.APP. P. 52(a). In order to preserve such complaint, a party must object to the procession to trial without a jury or indicate in the record that it intends to stand on its perfected right to a jury trial. *Sunwest*, 875 S.W.2d at 387.

In the present case, the record reflects that appellant appeared in court with his attorney, offered an opening statement to the court, testified in his own behalf, and cross-examined adverse witnesses. The record before us does not indicate that appellant ever objected to the court hearing the case, nor is there any indication that appellant asserted his intention to stand on his perfected right to trial by jury. Under these circumstances, appellant may not complain on appeal that he was denied his right to trial by jury. *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 409 (Tex.App.—San Antonio 1994), writ denied, 924 S.W.2d 156 (Tex.1996) (stating "assent to the removal of a case from the jury docket is easily implied in a situation in which a party appears before the court without objection and proceeds to try its case before the bench.")

■ Furthermore, the denial of a trial by jury is harmless error where the record reflects that no material issues of fact exist and an instructed verdict would have been justified. *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex.1991). In order to have this suit dismissed pursuant to section 160.110(f), it must be established that the suit was filed more than two years after A.M.'s birth, that

2. Section 160.110(f) provides that:

The court shall dismiss a suit contesting a presumption of paternity filed by a man who is not a presumed father, but who alleges himself to be the biological father of a child, if:
(1) the suit is filed after the second anniversary of the later of:
  (A) the date of birth of the child; or

(B) the time the presumption of paternity came into existence after the child was born; and
(2) the presumed father:
  (A) has resided in the same household as the child in a father-child relationship or has established a father-child relationship with the child through his other actions; and
  (B) requests an order designating him as the father of the child.

Dennis Malatek had established a father-child relationship with A.M., and that Dennis Malatek had requested an order designating him as A.M.'s father. *See* TEX. FAM.CODE ANN. § 160.110(f) (Vernon 1996). Evidence establishing all of these facts is in the record, and none of that evidence was controverted by appellant at the hearing. As such, there was no harm in the trial court's proceeding to hear this matter without a jury. TEX.R.APP. P. 81(b)(1). Appellant's first point of error is overruled.

## B. Proper Means of Dismissal

In his second point of error, appellant contends that the trial court erred in dismissing his case based upon the affirmative defense of limitations absent a motion for summary judgment. Appellant urges that the only procedural mechanism provided by the Texas Rules of Civil Procedure by which the merits of a case may be decided prior to trial is the summary judgment process.

In response to appellant's argument, appellees contend that TEX. FAM.CODE ANN. § 160.110(f) is a statute determining standing rather than a statute of limitation. Appellants note the supreme court's decision in *In Interest of J.W.T.*, 872 S.W.2d 189 (Tex.1994), where the court determined that a putative father has standing to rebut the presumption of paternity that exists in favor of the mother's husband at the time of birth. *Id.* at 198. The court established a test to determine standing that should be considered when a putative father "asserts his rights at or near the time of birth." *Id.* at 195. Appellees argue that section 160.110(f) of the Texas Family Code is the legislature's response to *J.W.T.*'s invitation to determine what constitutes "at or near the time of birth" for purposes of standing.

■ While this argument is interesting, the clear language of section 160.110(f) indicates that it is intended to govern limitations rather than standing. The statute speaks in terms of when a suit may be filed by an alleged biological father. This language presumes standing and focuses on the time period within which a suit may be filed. As such, section 160.110(f) is a statute of limitation.

■ A defense based on a statute of limitation is an affirmative defense or "plea in bar" as it operates to prohibit the assertion of a cause of action and involves the final disposition of a case. *See Interfirst Bank San Antonio, N.A. v. Murry,* 740 S.W.2d 550, 551 (Tex.App.—San Antonio 1987, no writ); TEX.R. CIV. P. 94. A plea in bar is not the proper subject matter of a preliminary hearing unless the parties agree to such method of disposition or summary judgment procedure is utilized. *Kelley v. Bluff Creek Oil Co.,* 158 Tex. 180, 309 S.W.2d 208, 214 (1958); *Walker v. Sharpe,* 807 S.W.2d 442, 447 (Tex. App.—Corpus Christi 1991, no writ).

■ In the present case, appellees noted in their answer to appellant's original petition that this case was barred by section 160.110(f). However, no motion for the granting of a plea in bar was filed, and both parties concede that the summary judgment process was never initiated. Appellees merely set a pre-trial hearing for a determination of whether appellant's petition was barred by statute.

In most cases, this action alone is not enough to support dismissal because a defense based on a statute of limitation must be affirmatively set forth and proven after the opposing party is given proper notice. *See* TEX.R. CIV. P. 94. However, the record in this case reflects that appellees consented to have this matter decided at a pre-trial hearing on appellees' oral motion.

Appellant appeared at the hearing with his attorney, announced ready to proceed, and actively participated in presenting evidence and argument to the court. The purpose of the hearing was made clear on the record and both parties agreed to limit the hearing to the limitation issue. At no time did appellant object that summary judgment was the only proper way to dispose of a statute of limitation defense prior to trial; nor, did he object to the manner in which the hearing was actually conducted.

Appellant's actions at the hearing indicate that appellant consented to a pre-trial disposition of the limitations issue. A plea in bar may be properly sustained at a preliminary hearing when such a procedure is agreed to

by the parties. *Kelley,* 309 S.W.2d at 214; *Walker,* 807 S.W.2d at 447. The record reflects such an agreement in this case. Appellant's second point of error is overruled.

### C. Retroactive Application of Section 160.110(f)

In his third point of error, appellant complains that the trial court retroactively applied TEX. FAM.CODE ANN. § 160.110(f). Appellant argues that his right to assert his parentage of A.M. became vested when the supreme court decided *J.W.T.* in 1994. He claims that section 160.110(f) became effective on April 20, 1995. Therefore, appellant contends that the trial court retroactively applied section 160.110(f) to deny him his rights under *J.W.T.* Appellant's argument is without merit.

First, section 160.110(f) of the Family Code went into effect on September 1, 1995. *See* Act of June 16, 1995, H.B. 433, 74th Leg., R.S., ch. 751, § 129, 1995 Tex. Gen. Laws 3888, 3933. Additionally, the legislature provided that the statute "applies to a pending suit affecting the parent-child relationship without regard to whether the suit was commenced before, on, or after the effective date of this act." *Id.; see Sims v. Adoption Alliance,* 922 S.W.2d 213, 215 (Tex.App.—San Antonio 1996, writ denied). A suit affecting the parent-child relationship commences by the filing of a petition. TEX. FAM.CODE ANN. § 102.002 (Vernon 1996).

In the present case, appellant filed his petition to establish the parent-child relationship with A.M. on September 14, 1995. As such, this suit was pending after the effective date of the statute, and is, therefore, subject to the provisions of section 160.110(f). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.