COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-189-CV
IN THE INTEREST OF J.D.
------------
FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. INTRODUCTION
Appellant Shelly D. complains on appeal
that the trial court erred in terminating her parental rights to her son J.D.,
raising three points: (1) that the evidence was legally insufficient to support
the trial court's judgment; (2) that the evidence was factually insufficient to
support the judgment; and (3) that the trial court erroneously denied
Appellant's request for a jury trial. We affirm.
II. FACTUAL AND PROCEDURAL
BACKGROUND
Appellant bore three children out of
wedlock. In March 1998, Appellant's parental rights to her daughter C.D. were
terminated, due, in part, to violations of subsections D and E of section
161.001(1) of the family code.(2) Appellant also
gave another child up for a private adoption because she did not want to raise
the child, in addition to J.D., without being married.
In 1999, the police went to Appellant's home because of a report of
possible illegal drug use. The officers found J.D., who was then seven years
old, sitting on the couch next to a bong, and they also found marijuana on a
plate under the couch. Appellant was not cooperative with the police, and she
was arrested for extant felony-drug warrants.
Appellant eventually got out of jail, and in the summer of 2001, she
left J.D. one evening with Eddie Owens, who was elderly and blind. Appellant
told Owens she would return in two hours, but she left no contact information in
case someone needed to reach her. The next day, Owens's daughter called the
police to pick up J.D because Appellant had not returned and because Owens was
unable to care for J.D.
After picking up J.D., the police unsuccessfully attempted to locate
Appellant and eventually called Child Protective Services ("CPS"), who
placed J.D. in a foster home. Appellant later contacted CPS investigator Tamika
Coleman, but Appellant refused to meet face-to-face with her and wanted J.D. to
be placed with her sister, Debra Williamson. Williamson also requested that CPS
place J.D. with her, but because she also had a prior negative history with CPS,
CPS declined her offer.
In July 2001, the Texas Department of Protective and Regulatory
Services ("TDPRS") initiated proceedings to terminate Appellant's
rights to J.D., and on April 29, 2002, the parties appeared for a bench trial on
TDPRS's petition. During Appellant's trial, TDPRS presented the testimony of
Coleman, TDPRS caseworker Wednesday Turbeville, and licensed psychologist Kathy
Deornellas. Additionally, Appellant testified in her defense, and J.D.'s child
advocate, Dennis Novak, testified. Appellant testified that while she had made
bad decisions in the past, she was devoted to raising J.D. Turbeville and Novak
both recommended that Appellant's parental rights as to J.D. should be
terminated.
Appellant agreed with TDPRS that she had had an unstable background.
For example, TDPRS presented evidence of Appellant's criminal history, which
included involvement with drugs, shoplifting, prostitution, and DWI. Moreover,
Deornellas testified that, while she had not diagnosed Appellant with a
personality disorder, her testing of Appellant demonstrated Appellant's
tendencies to seek immediate gratification at the expense of others, including
loved ones. Turbeville testified that J.D. had not resided with Appellant for
much of his life, having lived at length with his great-grandmother and with
Williamson. Novak testified that, while in foster care, J.D. was making As and
Bs in school, in contrast to the previous year, when he had failed the third
grade because he missed too many days of school.
Turbeville also testified that when she was assigned Appellant's case
in July 2001, Appellant was in jail for a DWI.(3)
Turbeville testified that TDPRS had developed a service plan that included
parenting classes, a drug assessment, a psychological evaluation, and the
requirement that Appellant maintain stable housing. Turbeville acknowledged that
following Appellant's latest release from prison, she had begun fulfilling her
service plan by visiting J.D. and regularly attending parenting classes.
Appellant admitted that she had a drug and alcohol problem, but testified that
she was trying to find some type of treatment to comply with the plan. However,
after being released from prison in February 2002, Appellant waited two months
and eleven days, until the week before trial began, to get a free drug
assessment, which was one of the first steps toward a treatment program.
After examining the record and hearing the evidence at trial, the court
found that Appellant had engaged in conduct warranting termination and that
terminating Appellant's parental rights would be in J.D.'s best interest.
Following the denial of Appellant's motion for new trial, Appellant brought this
appeal.
III. APPLICATION OF LAW TO FACTS
Appellant first challenges the legal and factual sufficiency of the
evidence supporting the trial court's judgment. In proceedings to terminate the
parent-child relationship brought under section 161.001 of the family code, the
petitioner must establish one or more of the acts or omissions enumerated under
subdivision (1) of the statute and must also prove that termination is in the
best interest of the child. Tex. Fam. Code Ann. § 161.001. Termination may not
be based solely on the best interest of the child as determined by the trier of
fact; rather, both elements must be established based on clear and convincing
evidence. Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d
531, 533 (Tex. 1987); In re J.M.M., 80 S.W.3d 232, 239
(Tex. App.--Fort Worth 2002, pet. denied). The first element may be satisfied if
the fact finder determines that a parent violated any one
of the nineteen items listed in section 161.001. See Tex.
Fam. Code Ann. § 161.001; In re J.F.C., 46 Tex. Sup. Ct.
J. 328, 330, 2002 WL 31890913, at *2 (Dec. 31, 2002); Green v.
Tex. Dep't of Protective and Regulatory Servs., 25 S.W.3d 213, 219 (Tex.
App.--El Paso 2000, no pet.).
Here, the trial court found that Appellant violated subsections D, E,
and M of the laundry list.(4) With regard to the
first element of involuntary termination, Appellant only challenges the legal
and factual sufficiency of the evidence under subsections D and E. As TDPRS
points out, Appellant does not attack the legal or factual sufficiency of the
evidence under subsection M, which the termination order clearly identifies as a
ground for termination. We can affirm the first element of involuntary
termination under subsection M because Appellant failed to challenge the legal
or factual sufficiency of the evidence with respect to this independent ground
for termination. See Tex. R. App. P. 38.1(e); Green,
25 S.W.3d at 220. We, therefore, need only address whether the evidence is
legally and factually sufficient to sustain the second element of involuntary
termination, pertaining to the best interest of the child. See
Green, 25 S.W.3d at 220.
Termination of parental rights is a drastic remedy and is of such
weight and gravity that due process requires the petitioner to justify
termination by "clear and convincing evidence." TEX.
FAM. CODE
ANN. § 161.206(a)
(Vernon 2002). With respect to a legal sufficiency point, we must "look at
all the evidence in the light most favorable to the finding to determine whether
a reasonable trier of fact could have formed a firm belief or conviction that
its finding was true." In re J.F.C., 46 Tex. Sup. Ct. J. at 333,
2002 WL 31890913, at *6. In determining a factual sufficiency point, our inquiry
is whether, based on the entire record, a fact finder could reasonably form a
firm conviction or belief that the parent violated one of the provisions of
section 161.001 and that the termination of the parent's parental rights would
be in the best interest of the child. In re C.H., 89 S.W.3d 17, 25
(Tex. 2002).
Factors we consider in deciding
whether termination is in a child's best interest include: the desires of the
child; the present and future physical and emotional needs of the child; the
present and future emotional and physical danger to the child; the parental
abilities of the person seeking custody; programs available to assist those
persons in promoting the best interest of the child; plans for the child by
those individuals or by the agency seeking custody; the acts or omissions of the
parent that may indicate that the existing parent-child relationship is not
appropriate; and any excuse for the acts or omissions of the parent. Holley
v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976); In re D.T., 34
S.W.3d 625, 641 (Tex. App.--Fort Worth 2001, pet. denied) (op. on reh'g). Proof
of acts or omissions under section 161.001(1) may also be probative of whether
termination is in the child's best interest. In re C.H., 89 S.W.3d at
27.
We have extensively reviewed the
record, and under the applicable standards of review, we hold that the evidence
was both legally and factually sufficient to constitute clear and convincing
evidence to support the trial court's finding that termination was in J.D.'s
best interest. See id. at 25-26; In re J.F.C., 46 Tex. Sup.
Ct. J. at 333-334, 2002 WL 31890913, at *5-6. Accordingly, we overrule
Appellant's first two points.
In her third point, Appellant
argues that the trial court erred by denying her request for a trial by jury.
TDPRS argues that Appellant waived her right to a jury trial, a proposition with
which we agree.
The family code provides that a
party has a right to demand a jury trial in certain proceedings. Tex. Fam. Code
Ann. § 105.002 (Vernon 2002). Rule 216 of the rules of civil procedure governs
this right. See Tex. R. Civ. P. 216;(5) In
re V.R.W., 41 S.W.3d 183, 194 (Tex. App.--Houston [14th Dist.]
2001, no pet.) (stating that the right to a jury trial "is not automatic,
but, rather, arises only where a party [complies with the rules]").
This case was set for trial on
April 29, 2002. Appellant first requested a jury trial in her amended original
answer, filed on April 24, five days before trial. This request was untimely. See
Tex. R. Civ. P. 216. Additionally, TDPRS points out that there is no docket
entry for payment of the jury fee. TDPRS also argues that, because Appellant
appeared with her attorney on the day of trial and presented her case without
objecting to the proceedings being before the court instead of a jury, Appellant
waived her right to a jury trial.
Appellant argues that article
1.13(a) of the code of criminal procedure, which, in part, governs the waiver of
the right to a jury trial in criminal cases, similarly applied to her case.
Appellant contends that because she did not sign a written waiver of her rights,
she did not waive her right to a jury trial and was thus deprived of her
constitutional right to a jury. However, to preserve a complaint for our review,
a party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if the grounds
are not apparent from the context of the request, objection, or motion. Tex. R.
App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). If a party fails to
do this, error is not preserved, and the complaint is waived. Bushell v.
Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).
Appellant did not raise her
constitutional claim in the trial court. As such, we conclude that Appellant did
not preserve her constitutional point for appeal. See Tex. R. App. P.
33.1(a). Further, viewing the entire record before us, we hold Appellant waived
her right to a jury. See In reV.R.W., 41 S.W.3d at 194 (explaining that
the right to a jury trial in civil cases arises when a party demands it and pays
the applicable jury fee); In re K.C., Jr., 23 S.W.3d 604, 608-09 (Tex.
App.--Beaumont 2000, no pet.) (holding parent did not invoke right to jury trial
by failing to request a jury trial and by trying the case to the court without
objection); see also In re A.M., 936 S.W.2d 59, 61 (Tex. App.--San
Antonio 1996, no writ) ("By requesting a jury trial and paying the jury
fee, appellant perfected his right to a jury trial."). Accordingly, we
overrule Appellant's third point.
IV. CONCLUSION
Having overruled Appellant's three
points, we affirm the trial court's judgment.
 
                                                                       
ANNE GARDNER
                                                                       
JUSTICE
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
[DELIVERED FEBRUARY 13, 2003]

1. See Tex. App. R. P. 47.4.
2 Section 161.001 of the Texas Family Code provides, in
pertinent part:

 The court may order termination of the
 parent-child relationship if the court finds by clear and convincing evidence:
 
 (1) that the parent has:
        
 . . . .
 
 (D) knowingly placed or knowingly
 allowed the child to remain in conditions or surroundings which endanger
 the physical or emotional well-being of the child;
 (E) engaged in conduct or knowingly
 placed the child with persons who engaged in conduct which endangers the
 physical or emotional well-being of the child.
 
 

Tex. Fam. Code Ann. § 161.001(1)(D-E) (Vernon 2002).
3. Appellant later testified that she had been
incarcerated for possession of over five pounds of marijuana in addition to the
DWI.
4. Section 161.001(1)(M) provides:

 The court may order termination of the parent-child
 relationship if the court finds by clear and convincing evidence . . . that
 the parent has . . . had his or her parent-child relationship terminated
 with respect to another child based on a finding that the parent's conduct
 was in violation of Paragraph (D) or (E) or substantially equivalent
 provisions of the law of another state.

Tex. Fam. Code Ann. § 161.001(1)(M).
5. Texas Rule of Civil Procedure 216 states:

        
 (a) Request. No jury trial shall be had in any civil suit, unless a written
 request for a jury trial is filed with the clerk of the court a reasonable
 time before the date set for trial of the cause on the non-jury docket, but
 not less than thirty days in advance.
        
 (b) Jury Fee. Unless otherwise provided by law, a fee of ten dollars if in the
 district court and five dollars if in the county court must be deposited with
 the clerk of the court within the time for making a written request for a jury
 trial. The clerk shall promptly enter a notation of the payment of such fee
 upon the court's docket sheet.

Tex. R. Civ. P. 216.