IN RE JD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-189-CV

IN THE INTEREST OF J.D. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  INTRODUCTION

Appellant Shelly D. complains on appeal that the trial court erred in terminating her parental rights to her son J.D., raising three points:  (1) that the evidence was legally insufficient to support the trial court’s judgment; (2) that the evidence was factually insufficient to support the judgment; and (3) that the trial court erroneously denied Appellant’s request for a jury trial.  We affirm.

II.  FACTUAL AND PROCEDURAL BACKGROUND

Appellant bore three children out of wedlock.  In March 1998, Appellant’s parental rights to her daughter C.D. were terminated, due, in part,
 to violations of subsections D and E of section 161.001(1) of the family code.
(footnote: 2)  Appellant also gave another child up for a private adoption because she did not want to raise the child, in addition to J.D., without being married.

In 1999, the police went to Appellant’s home because of a report of possible illegal drug use.  The officers found J.D., who was then seven years old, sitting on the couch next to a bong, and they also found marijuana on a plate under the couch.  Appellant was not cooperative with the police, and she was arrested for extant felony-drug warrants. 

Appellant eventually got out of jail, and in the summer of 2001, she left J.D. one evening with Eddie Owens, who was elderly and blind.  Appellant told Owens she would return in two hours, but she left no contact information in case someone needed to reach her.  The next day, Owens’s daughter called the police to pick up J.D because Appellant had not returned and because Owens was unable to care for J.D. 

After picking up J.D., the police unsuccessfully attempted to locate Appellant and eventually called Child Protective Services (“CPS”), who placed J.D. in a foster home.  Appellant later contacted CPS investigator Tamika Coleman, but Appellant refused to meet face-to-face with her and wanted J.D. to be placed with her sister, Debra Williamson.  Williamson also requested that CPS place J.D. with her, but because she also had a prior negative history with CPS, CPS declined her offer. 

In July 2001, the Texas Department of Protective and Regulatory Services (“TDPRS”) initiated proceedings to terminate Appellant’s rights to J.D., and on April 29, 2002, the parties appeared for a bench trial on TDPRS’s petition.  During Appellant’s trial, TDPRS presented the testimony of Coleman, TDPRS caseworker Wednesday Turbeville, and licensed psychologist Kathy Deornellas.  Additionally, Appellant testified in her defense, and J.D.’s child advocate, Dennis Novak, testified.  Appellant testified that while she had made bad decisions in the past, she was devoted to raising J.D.  Turbeville and Novak both recommended that Appellant’s parental rights as to J.D. should be terminated. 

Appellant agreed with TDPRS that she had had an unstable background. For example, TDPRS presented evidence of Appellant’s criminal history, which included involvement with drugs, shoplifting, prostitution, and DWI.  Moreover, Deornellas testified that, while she had not diagnosed Appellant with a personality disorder, her testing of Appellant demonstrated Appellant’s tendencies to seek immediate gratification at the expense of others, including loved ones.  Turbeville testified that J.D. had not resided with Appellant for much of his life, having lived at length with his great-grandmother and with Williamson.  Novak testified that, while in foster care, J.D. was making As and Bs in school, in contrast to the previous year, when he had failed the third grade because he missed too many days of school. 

Turbeville also testified that when she was assigned Appellant’s case in July 2001, Appellant was in jail for a DWI.
(footnote: 3)  Turbeville testified that TDPRS had developed a service plan that included parenting classes, a drug assessment, a psychological evaluation, and the requirement that Appellant maintain stable housing.  Turbeville acknowledged that following Appellant’s latest release from prison, she had begun fulfilling her service plan by visiting J.D. and regularly attending parenting classes.  Appellant admitted that she had a drug and alcohol problem, but testified that she was trying to find some type of treatment to comply with the plan.  However, after being released from prison in February 2002, Appellant waited two months and eleven days, until the week before trial began, to get a free drug assessment, which was one of the first steps toward a treatment program. 

After examining the record and hearing the evidence at trial, the court found that Appellant had engaged in conduct warranting termination and that terminating Appellant’s parental rights would be in J.D.’s best interest. Following the denial of Appellant’s motion for new trial, Appellant brought this appeal. 

III.  APPLICATION OF LAW TO FACTS

Appellant first challenges the legal and factual sufficiency of the evidence supporting the trial court’s judgment.  In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must also prove that termination is in the best interest of the child.  
Tex. Fam. Code Ann
. § 161.001.  Termination may not be based solely on the best interest of the child as determined by the trier of fact; rather, both elements must be established based on clear and convincing evidence.  
Tex. Dep’t of Human Servs. v. Boyd
, 727 S.W.2d 531, 533 (Tex. 1987); 
In re J.M.M.
, 80 S.W.3d 232, 239 (Tex. App.—Fort Worth 2002, pet. denied).  The first element may be satisfied if the fact finder determines that a parent violated 
any one
 of the nineteen items listed in section 161.001.  
See
 
Tex. Fam. Code Ann
. § 161.001; 
In re J.F.C
., 46 Tex. Sup. Ct. J. 328, 330, 2002 WL 31890913, at *2 (Dec. 31, 2002); 
Green v. Tex. Dep’t of Protective and Regulatory Servs.
, 25 S.W.3d 213, 219 (Tex. App.—El Paso 2000, no pet.).

Here, the trial court found that Appellant violated subsections D, E, and M of the laundry list.
(footnote: 4)  With regard to the first element of involuntary termination, Appellant only challenges the legal and factual sufficiency of the evidence under subsections D and E.  As TDPRS points out, Appellant does not attack the legal or factual sufficiency of the evidence under subsection M, which the termination order clearly identifies as a ground for termination.  We can affirm the first element of involuntary termination under subsection M because Appellant failed to challenge the legal or factual sufficiency of the evidence with respect to this independent ground for termination.  
See
 
Tex. R. App. P
. 38.1(e); 
Green
, 25 S.W.3d at 220.  We, therefore, need only address whether the evidence is legally and factually sufficient to sustain the second element of involuntary termination, pertaining to the best interest of the child.  
See Green
, 25 S.W.3d at 220.

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by “clear and convincing evidence.”  T
EX
. F
AM
. C
ODE
 A
NN
. § 161.206(a) (Vernon 2002).
  
With respect to a legal sufficiency point, we must “look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.”  
In re J.F.C
., 46 Tex. Sup. Ct. J. at 333, 2002 WL 31890913, at *6.
 In determining a factual sufficiency point,
 
our inquiry is whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the parent violated one of the provisions of section 161.001 and that the termination of the parent’s parental rights would be in the best interest of the child.  
In re C.H
., 89 S.W.3d 17, 25 (Tex. 2002).
 

Factors we consider in deciding whether termination is in a child’s best interest include:  the desires of the child; the present and future physical and emotional needs of the child; the present and future emotional and physical danger to the child; the parental abilities of the person seeking custody; programs available to assist those persons in promoting the best interest of the child; plans for the child by those individuals or by the agency seeking custody; the acts or omissions of the parent that may indicate that the existing parent-child relationship is not appropriate; and any excuse for the acts or omissions of the parent.  
Holley v. Adams
, 544 S.W.2d 367, 371-72 (Tex. 1976); 
In re D.T.
, 34 S.W.3d 625, 641 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh’g).  Proof of acts or omissions under section 161.001(1) may also be probative of whether termination is in the child's best interest.  
In re C.H
., 89 S.W.3d at 27.

We have extensively reviewed the record, and under the applicable standards of review, we hold that the evidence was both legally and factually sufficient to constitute clear and convincing evidence to support the trial court’s finding that termination was in J.D.’s best interest.  
See
 
id.
 at 25-26; 
In re J.F.C
., 46 Tex. Sup. Ct. J. at 333-334, 2002 WL 31890913, at *5-6.  Accordingly, we overrule Appellant’s first two points.

In her third point, Appellant argues that the trial court erred by denying her request for a trial by jury.  TDPRS argues that Appellant waived her right to a jury trial, a proposition with which we agree. 

The family code provides that a party has a right to demand a jury trial in certain proceedings.  
Tex. Fam. Code Ann. 
§ 105.002 (Vernon 2002).  Rule 216 of the rules of civil procedure governs this right.  
See
 
Tex. R. Civ. P. 
216;
(footnote: 5) 
In re V.R.W.
, 41 S.W.3d 183, 194 (Tex. App.—Houston [14
th
 Dist.] 2001, no pet.) (stating that the right to a jury trial “is not automatic, but, rather, arises only where a party [complies with the rules]”).

This case was set for trial on April 29, 2002.  Appellant first requested a jury trial in her amended original answer, filed on April 24, five days before trial.  This request was untimely.  
See
 
Tex. R. Civ. P. 
216.  Additionally, TDPRS points out that there is no docket entry for payment of the jury fee.  TDPRS also argues that, because Appellant appeared with her attorney on the day of trial and presented her case without objecting to the proceedings being before the court instead of a jury, Appellant waived her right to a jury trial.  

Appellant argues that article 1.13(a) of the code of criminal procedure, which, in part, governs the waiver of the right to a jury trial in criminal cases, similarly applied to her case. 
 Appellant contends that because she did not sign a written waiver of her rights, she did not waive her right to a jury trial and was thus deprived of her constitutional right to a jury.  
However, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if the grounds are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).
 

Appellant did not raise her constitutional claim in the trial court.  As such, we conclude that Appellant did not preserve her constitutional point for appeal.  
See
 
Tex. R. App. P.
 33.1(a)
.  Further, viewing the entire record before us, we hold Appellant waived her right to a jury.  
See In reV.R.W.
, 41 S.W.3d at 194
 (explaining that the right to a jury trial in civil cases arises when a party demands it and pays the applicable jury fee); 
In re K.C.
, 
Jr.
, 23 S.W.3d 604, 608-09 (Tex. App.—Beaumont 2000, no pet.) (holding parent did not invoke right to jury trial by failing to request a jury trial and by trying the case to the court without objection); 
see also In re A.M.
, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no writ) (“By requesting a jury trial and paying the jury fee, appellant perfected his right to a jury trial.”).  Accordingly, we overrule Appellant’s third point.

IV.  CONCLUSION

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

[DELIVERED FEBRUARY 13, 2003] 

FOOTNOTES
1:
See 
Tex. App. R. P. 
47.4.

2:
Section 161.001 of the Texas Family Code provides, in pertinent part:

The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:

(1) that the parent has:

. . . .

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.

Tex. Fam. Code Ann
. § 161.001(1)(D-E)
 (Vernon 2002).

3:
Appellant later testified that she had been incarcerated for possession of over five pounds of marijuana in addition to the DWI.  

4:
Section 161.001(1)(M) provides:

The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence . . .  that the parent has . . . had his or her parent-child relationship 
terminated with respect to another child based on a finding that the parent’s conduct
 was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state.

Tex. Fam. Code Ann
. § 161.001(1)(M)
.

5:
Texas Rule of Civil Procedure 216 states:

(a) Request.  No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

(b) Jury Fee.   Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial.  The clerk shall promptly enter a notation of the payment of such fee upon the court’s docket sheet.

Tex. R. Civ. P. 
216.