

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00104-CV
_____

IN THE INTEREST OF C.H., A CHILD

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 633-17

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

The Texas Department of Family and Protective Services (the Department) filed a petition to terminate Mother's parental rights to her daughter, C.H.[1]  Mother initially demanded trial by jury.  However, as a result of a mediated settlement, Mother executed a valid, voluntary, and irrevocable relinquishment of her parental rights to C.H. and agreement that termination of her parental rights was in C.H.'s best interest.  *See* TEX. FAM. CODE ANN. § 161.103 (West Supp. 2018).  Based on the affidavit, the 115th Judicial District Court of Upshur County, Texas, terminated Mother's parental rights to C.H.

In her sole issue on appeal, Mother argues that the trial court erred in holding a bench trial after she had filed a request for a jury trial.  The Department argues that Mother waived her right to complain about the lack of a jury trial.  We agree.  For that reason, we affirm the trial court's judgment.

Generally, to preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context.  TEX. R. APP. P. 33.1(a)(1).  "A limited exception to [the] procedural preservation rules is the fundamental-error doctrine."  *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).  In the civil context, the fundamental error doctrine allows for review of unassigned error when the record demonstrates a lack of jurisdiction.  *Id.*  The doctrine also allows for review of unassigned error in juvenile cases, which are "quasi-criminal" in nature, because "Texas criminal

---

[1]We do not refer to the parties by name to protect the identity of the child.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018).

jurisprudence recognizes that certain types of error can be reviewed for the first time on appeal." *Id*. at 351. That said, we do not apply "criminal fundamental-error doctrine to parental rights termination cases." *Id*. (finding that the fundamental-error doctrine does not permit review of unpreserved jury charge error in parental-rights termination cases).

Citing to the broader categories of error that can be raised for the first time on appeal in criminal cases, Mother argues that the trial court erred in denying her right to a jury trial. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). Yet, even though a right to a criminal jury trial is a "waivable-only" right, in the civil context, the right to a jury trial "arises only when a party files a written jury request not less than thirty days in advance of the date set for trial and pays the jury fee." *In re K.W.*, No. 12-14-00327-CV, 2015 WL 881548, at *1 (Tex. App.—Tyler Feb. 27, 2015, pet. denied) (mem. op.) (citing TEX. R. CIV. P. 216); *see Saldano*, 70 S.W.3d at 888. Thus, application of a fundamental-error doctrine to the right of trial by jury is untenable in parental-rights termination cases since a party must affirmatively act to secure the right.

Moreover, "once perfected, the right to a jury trial in a civil case may still be waived by a party's failure to act." *In re A.M.*, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no pet.); *see In re K.H.*, No. 02-17-00192-CV, 2017 WL 4413356, at *2 (Tex. App.—Fort Worth Oct. 5, 2017, pet. filed) (mem. op.); *see also In re K.S.L.*, 538 S.W.3d 107, 113 (Tex. 2017) ("Of course rights, including constitutional rights, can be waived."). Specifically, failure to object when the trial court proceeds with a bench trial waives error, even in parental-rights termination cases. *K.W.*,

2015 WL 881548, at *2 (citing *In re K.M.H.*, 181 S.W.3d 1, 16 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (op. on reh'g)); *In re J.D.*, No. 2-02-189-CV, 2003 WL 302231, at *4 (Tex. App.—Fort Worth Feb. 13, 2003, no pet.) (mem. op.); *In re K.C., Jr.*, 23 S.W.3d 604, 608–09 (Tex. App.—Beaumont 2000, no pet.); *see In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[A] perfected right to a jury trial in a civil case may be waived by a party's failure to act when the trial court proceeds with a bench trial.").

Here, after she requested a jury trial, Mother executed the affidavit of voluntary relinquishment and agreed, in writing, "that a final hearing in the lawsuit [could] be held at any time without further notice to [her]."[2] She was represented by counsel at the final hearing and voiced no objection to the bench trial. We therefore find that Mother waived her right to complain about the lack of a jury trial on appeal.

Because Mother waived her sole point of error on appeal, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     February 19, 2019
Date Decided:       February 27, 2019

---

[2]A trial court may terminate a parent's rights to her child based on a finding, by clear and convincing evidence, (1) that the parent has executed an irrevocable affidavit of relinquishment of parental rights to the child and (2) that termination of the parent-child relationship is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(k), (2) (West Supp. 2018). Mother's affidavit relinquished her parental rights to C.H. and stated that it was in C.H.'s best interest that her parental rights be terminated. Mother does not explain what material issues of fact existed which required jury resolution. *See A.M.*, 936 S.W.2d at 61.

4