

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00416-CV

Kimi-Lyn **MURRAY**,
Appellant

v.

Philip **MURRAY**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-19449
Honorable Monique Diaz, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 21, 2023

AFFIRMED

Appellant Kimi-Lyn Murray appeals from a final divorce decree, ending her marriage to appellee Philip Murray. On appeal, Kimi-Lyn asserts the trial court abused its discretion in denying her request for a jury trial; appointing her possessory conservator of one of the couple's children, J.M.; denying her possession and access to J.M.; and dividing the community estate. We affirm.

BACKGROUND

Kimi-Lyn and Philip married in 2002. During their marriage, they had two children, H.M. and J.M. In 2017, the couple separated, and after a year of separation, Philip filed a petition for divorce citing insupportability and cruelty. He also requested child support and a just and right division of the community estate. Kimi-Lyn filed a counterpetition for divorce citing insupportability and seeking managing conservatorship of the children, child support, and a just and right division of the community estate.

In 2019, Kimi-Lyn and Philip each filed a request for a jury trial and paid the required fee. Thereafter, Kimi-Lyn's counsel withdrew, and Kimi-Lyn represented herself pro se. In February 2020, Philip moved to withdraw his jury demand. A hearing on Philip's motion occurred on February 14, 2020, and on that day, the trial court signed an order permitting Philip to withdraw his request for a jury trial, reimbursing his jury fee deposit, and resetting the trial for April 27, 2020. The order is signed and approved as to form by the parties.

On March 20, 2020, the parties appeared for a temporary injunction hearing, and at the end of the hearing, the parties discussed how many days would be needed for the upcoming trial. Philip's counsel suggested five days, and Kimi-Lyn agreed but also indicated she was uncertain as to whether the courthouse would be open for jury trials due to the Covid-19 pandemic. The trial court clarified the court was open, but it was not open for jury trials. Philip's counsel indicated his request for a jury trial had been withdrawn, and the trial court informed everyone the case was currently set on the nonjury docket.

The parties again appeared on June 18, 2020, and the case proceeded before a bench trial. After a two-day bench trial, the trial court took the matter under advisement. On July 2, 2021, the

trial court signed a final divorce decree appointing Kimi-Lyn possessory conservator of J.M.,[1] denying Kimi-Lyn possession and access to J.M. until she engaged and completed therapy, and dividing the couple's community and separate property. The trial court later entered findings of fact and conclusions of law to support its order. Kimi-Lyn now appeals.

## JURY TRIAL

Kimi-Lyn asserts the trial court abused its discretion in denying her request for a jury trial. She argues she timely filed her request for a jury trial and paid the required fee, and the trial court improperly ruled she waived her right to a jury trial "by virtue of her signature" on the February 14, 2020 order resetting the trial date. Kimi-Lyn points out she never withdrew her request for a jury trial, and there is nothing in the February order indicating the reset trial would be a bench trial. Philip responds by arguing Kimi-Lyn failed to preserve this issue for appeal.

We review a trial court's denial of a jury trial for an abuse of discretion. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). A trial court abuses its discretion when its "decision is arbitrary, unreasonable, and without reference to guiding principles." *A.L.M.-F.*, 593 S.W.3d at 282 (quoting *Mercedes-Benz*, 925 S.W.2d at 666) (internal quotation marks omitted).

The right to a jury trial in a divorce proceeding is guaranteed by the Texas Constitution. Tex. Const. art. I, § 15 ("The right of trial by jury shall remain inviolate."), art. V, § 10 ("In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury . . . ."); TEX. FAM. CODE § 6.703 ("In a suit for dissolution of marriage, either party may demand a jury trial . . . ."). The right, however, is "not self-executing," and "a litigant must take certain steps to invoke and perfect his jury right." *Matter of*

---

[1] By the time of trial, H.M. had turned eighteen years old.

*Troy S. Poe Tr.*, 646 S.W.3d 771, 778 (Tex. 2022) (quoting *Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ) (internal quotation marks omitted). "To invoke a right to a jury trial, a party must file a written request for a jury trial a reasonable time before the date set for trial on the non-jury docket, but not less than thirty days in advance." *In re I.I.T.*, 648 S.W.3d 467, 471 (Tex. App.—San Antonio 2021, no pet.) (citing TEX. R. CIV. P. 216(a)).

Yet, even when a party perfects her right to a jury trial, the right may still be waived by a party's failure to act. *See, e.g.*, *Sunwest Reliance Acquisitions Grp., Inc.*, 875 S.W.2d at 387 ("[W]hen a party has perfected its right to a jury trial in accordance with rule 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial."); *In re E.S.*, No. 02-20-00407-CV, 2021 WL 2149627, at *4 (Tex. App.—Fort Worth May 27, 2021, pet. denied.) (mem. op.) ("Mother never objected to the trial court's failure to hold a jury trial. Accordingly, she waived her right to a jury trial by failing to object when the case was called for trial."); *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[A] perfected right to a jury trial in a civil case may be waived by a party's failure to act when the trial court proceeds with a bench trial."); *In re A.M.*, 936 S.W.2d 59, 61 (Tex. App.—San Antonio 1996, no writ) (observing perfected right to jury trial in civil case may be waived by party's failure to act when trial court proceeds with bench trial). As recently stated by the Texas Supreme Court, "[i]f a trial court indicates that it will proceed with a bench trial in a case where a jury demand was timely perfected, a demanding party that still wishes to have a jury trial must ensure that the court is aware of the demand." *Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022) (per curiam).

Here, when the parties appeared at the trial setting, the trial court called the case for announcements, and each party made opening statements and examined three of Philip's witnesses. When Kimi-Lyn called her first witness, Philip objected, arguing Kimi-Lyn failed to disclose the witness during discovery. Kimi-Lyn stated she did not deliberately fail to disclose her witness, and the trial should not have happened because the case had been scheduled for a jury trial. She also stated she assumed the trial would be postponed due to Covid-19. Regarding Philip's objection, she stated she had a conversation with Philip's counsel "specifically about the witnesses," but Philip's counsel conspired against her. The trial court sustained Philip's objection and entered a finding Kimi-Lyn had voluntarily waived her right to a jury trial by signing the February 14, 2020 order granting Philip's request to withdraw his jury demand and setting the trial for April 27, 2020.

Based on these facts, Kimi-Lyn failed to preserve any error committed by the trial court in proceeding with a bench trial because she did not bring her demand for a jury trial to the trial court's attention in a timely manner. *See Browder*, 659 S.W.3d at 423. When the case was called for announcements, Kimi-Lyn did not object to the trial going forward without a jury or inform the trial court she intended to stand on her perfected right to a jury trial. Instead, she made an opening statement and cross-examined three adverse witnesses before making any reference to her assumption the jury trial would be postponed. *See D.R.*, 177 S.W.3d at 580 (holding appellant's objection to bench trial made during charge conference was not timely); *Edmond v. Mark McElhannon/Accent Real Est. Servs.*, No. 03-17-00760-CV, 2018 WL 3432676, at *1–2 (Tex. App.—Austin July 17, 2018, no pet.) (mem. op.) (holding appellant waived right to jury trial after not objecting to case going forward without jury and testifying, presenting evidence, and cross-examining witnesses); *A.M.*, 936 S.W.2d at 61 (holding appellant waived right to jury trial after appellant appeared, offered opening statement, testified, and cross-examined adverse witnesses).

While we recognize Kimi-Lyn represented herself pro se, we must hold a pro se litigant to the same standards as a licensed attorney and require her to comply with all the applicable laws and procedural rules. *See Alam v. Wilshire & Scott, P.C.*, No. 01-06-00604-CV, 2007 WL 2011048, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2007, no pet.) (mem. op.) (pointing out relaxing error preservation rule for pro se litigants would frustrate purpose of rule requiring party to make prompt and specific complaint). The application of the rules "may require a different result when the actor is not a lawyer," and we disfavor "disposing of appeals for harmless procedural defects." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam); *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). Nonetheless, the Texas Supreme Court has made it clear if a trial court begins to proceed with a bench trial and a demanding party wishes to stand on its perfected right to a jury trial, the demanding party "must ensure that the court is aware of the demand." *Browder*, 659 S.W.3d at 423. Failure to do so constitutes waiver, and here, Kimi-Lyn did not make the trial court aware of her desire to stand on her jury demand in a timely manner. *See id.* Accordingly, we hold Kimi-Lyn waived her right to a jury trial, and we overrule her first issue.[2]

---

[2] We note in an affidavit attached to Kimi-Lyn's motion for new trial, Kimi Lyn attests the parties appeared on April 27, 2020 via Zoom. Kimi-Lyn indicated she told the trial court she wanted a jury trial, and the trial court denied her request. There is no reporter's record of the April 27, 2020 Zoom hearing, and therefore, the appellate record is devoid of any objection or statement showing Kimi-Lyn "ensur[ed] that the [trial] court [was] aware of the demand" or that she "obtained an adverse ruling from the trial court." *See id.*; *Sunwest Reliance Acquisitions Grp., Inc.*, 875 S.W.2d at 387 (indicating record must affirmatively show party preserved error); *see also* TEX. R. APP. P. 33.1(a) (indicating prerequisite for error preservation is record showing timely and specific objection). Nor does the affidavit, which was filed after the trial concluded, change the fact that when the case was called for announcements, Kimi-Lyn did not object to the trial going forward without a jury or inform the trial court she intended to exercise her right to a jury trial. *See Browder*, 659 S.W.3d at 423; *Sunwest Reliance Acquisitions Grp., Inc.*, 875 S.W.2d at 387; TEX. R. APP. P. 33.1(a).

**POSSESSORY CONSERVATOR**

Kimi-Lyn next argues the trial court abused its discretion in appointing her possessory conservator because she "was entitled to a verdict by a jury on [this] issue." She asserts "[s]he had properly requested a jury trial and paid the requisite fee." This argument is a reiteration of her previous argument. Having determined she waived her right to a jury trial after failing to timely object, we further hold she failed to preserve this issue for appeal. *See Sunwest Reliance Acquisitions Grp., Inc.*, 875 S.W.2d at 387–88 (holding because record shows party failed to object to trial going forward with bench trial, party waived any right to complain of the trial court's error).

**POSSESSION AND ACCESS**

Kimi-Lyn asserts the trial court abused its discretion by denying her possession and access to J.M. For support, she points to the trial court's finding stating it was in J.M.'s best interest she be denied possession and access to J.M. until further order of the trial court. According to Kimi-Lyn, the trial court's finding amounted to "a complete denial of access" and "effectively terminated the parent child relationship" between her and J.M., and such a denial of parental access should only be ordered in extreme circumstances. Kimi-Lyn contends there is insufficient evidence her behavior around J.M. constituted extreme circumstances, and therefore, a new trial should be ordered.

In response, Philip argues the trial court's order did not constitute a complete denial of access to J.M. because the order sets forth conditions Kimi-Lyn needed to complete to achieve reunification. Philip also asserts there is sufficient evidence establishing Kimi-Lyn's actions as egregious, and therefore, the trial court's order did not constitute an abuse of discretion.

This court has repeatedly recognized "[t]rial courts have broad discretion regarding custody, control, possession, support, and visitation matters concerning children." *In re V.R.G.*, No. 04-17-00583-CV, 2018 WL 842766, at *1 (Tex. App.—San Antonio Feb. 14, 2018, no pet.)

(mem. op.); *In re E.B.*, No. 04-13-00039-CV, 2014 WL 2547598, at \*4 (Tex. App.—San Antonio June 4, 2014, no pet.) (mem. op.) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)); *Garza v. Garza*, 217 S.W.3d 538, 551 (Tex. App.—San Antonio 2006, no pet.). This is because the trial court is in the best position to observe the demeanor and personalities of the parties and witnesses. *Hale v. Hale*, No. 04-05-00314-CV, 2006 WL 166518, at \*1 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.). We therefore review a trial court's order concerning possession and access for an abuse of discretion. *V.R.G.*, 2018 WL 842766, at \*1.

When determining issues of possession and access, the primary consideration is the best interest of the child. *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (citing TEX. FAM. CODE § 153.002); *V.R.G.*, 2018 WL 842766, at \*2. As in this case, when a parent is named possessory conservator, "[t]here is a rebuttable presumption that the standard possession order provides the reasonable minimum level of possession and access for a parent named possessory conservator and is in the best interest of the child." *J.J.R.S.*, 627 S.W.3d at 218. If a trial court decides to deviate from the standard possession order, it "may consider '(1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor.'" *Id*. (quoting TEX. FAM. CODE § 153.256). "[T]he terms of . . . an order that 'denies possession of a child to a parent or imposes restrictions or limitations on a parent's right to possession of or access to a child' . . . 'may not exceed those that are required to protect the best interest of the child.'" *Id*. at 218–19 (quoting TEX. FAM. CODE § 153.193). The complete denial of a parent's access to her child should be rare because it "amounts to a near-termination of a parent's right to [her] child and should be reserved for situations rising nearly to the level that would call for a termination of parental rights." *Philipp v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-11-00418-CV, 2012 WL 1149291, at \*8 (Tex. App.—Austin Apr. 4, 2012, no pet.) (mem.

op.) (citing TEX. FAM. CODE § 161.001); *Hale*, 2006 WL 166518, at \*1 (Tex. App.—San Antonio Jan. 25, 2006, pet. denied) (mem. op.) (stating "a complete denial of access should be rare" and possessory conservator should not be denied visitation "except in extreme circumstances").

Here, the trial court did not award Kimi-Lyn visitation "at this time." Instead, it ordered Kimi-Lyn to see a specific therapist, engage in reunification therapy, and complete all requests made by her therapist and J.M.'s therapist to achieve reunification. It specified Kimi-Lyn shall have no contact with J.M. until her therapist confirmed "sufficient individual progress" was made and J.M.'s therapist agreed J.M. was ready. Contrary to Kimi-Lyn's characterization of the order, these terms are restrictive, but they do not amount to a complete denial of access because they outline the conditions Kimi-Lyn must meet to see J.M. *See J.J.R.S.*, 627 S.W.3d at 220 (disagreeing with parent's characterization of trial court's order that authorized supervised visits at discretion of children's aunt and uncle as complete denial of access); *cf. Hale*, 2006 WL 166518, at \*2 (concluding trial court's order providing father may see daughter upon recommendation of therapist did not amount to complete denial of access but nevertheless sustaining issue because order did not name therapist or provide any guidelines for parent or therapist to ensure best interest of child protected under circumstances limiting parents possession and access).

Additionally, the trial court heard testimony from Philip, who testified Kimi-Lyn had trouble controlling her anger and has been physically violent toward him. Philip described several instances where Kimi-Lyn physically assaulted him with different objects, and some of the instances occurred in front of H.M. and J.M. He testified since the separation, J.M. has been avoiding being around Kimi-Lyn, and J.M.'s relationship with Kimi-Lyn has been deteriorating. He also testified since the separation, Kimi-Lyn called him names around J.M., called J.M. names, and told J.M. he was narcissistic like him.

The trial court also heard testimony from Dr. Gloria Smith, a family counselor who had been working with the family before and after Philip and Kimi-Lyn's separation. She described Kimi-Lyn as a controlling and authoritarian parent who was "very focused on disciplining [J.M.] and punishing [J.M.]." She testified she had explained to Kimi-Lyn the importance of being "more respectful" and "less aggressive" with J.M. to build a trustworthy relationship, but Kimi-Lyn felt "very strongly about her parenting." She testified J.M. felt pressured by Kimi-Lyn and wanted a break from scheduled visitations with her. She testified the situation escalated when during spring break, J.M. wanted to leave Kimi-Lyn's house and go to Philip's house. Dr. Smith testified J.M. began walking to a grocery store to meet Philip, and Kimi-Lyn followed him in a car while speaking to him in an aggressive manner from the car window. The trial court also watched video footage depicting the incident.

Finally, the trial court heard testimony from Dr. Richard Theis, a licensed psychologist who was appointed by the trial court after the temporary injunction hearing. He testified J.M. loves Kimi-Lyn and wants to have a relationship with her, but he does not want her to speak negatively about Philip to him. Dr. Theis testified he had significant concerns regarding whether Kimi-Lyn could contain her thoughts and feelings concerning Philip from J.M., but if Kimi-Lyn engaged in reunification therapy with a direct therapist, she could learn how to contain her feelings so as not to "infect" her son.

This evidence rebuts the presumption in favor of the standard possession order. *See J.J.R.S.*, 627 S.W.3d at 218. The trial court heard testimony indicating Kimi-Lyn had an authoritarian parenting style and spoke inappropriately to J.M. about her negative feelings regarding his father. The trial court also heard testimony indicating J.M. wanted a break from Kimi-Lyn due to the pressure he felt to visit her. Accordingly, after considering J.M.'s age, developmental status, circumstances, needs, and best interest as well as Kimi-Lyn's circumstances,

we cannot conclude the trial court abused its discretion by deviating from the standard possession order and imposing a restriction on Kimi-Lyn's access to J.M. *See id.* We therefore overrule Kimi-Lyn's third complaint.

## DIVISION OF COMMUNITY ESTATE

Finally, Kimi-Lyn contends the trial court abused its discretion in the division of the couple's community estate because there is no evidence to support its decision. According to Kimi-Lyn, the record is completely absent of any evidence establishing the couple's assets and debts. Accordingly, the trial court's division was arbitrary and capricious as opposed to just and right.[3] Philip, however, argues the trial court did not abuse its discretion because Kimi-Lyn stipulated at trial Philip's 401k was the only property in dispute.

The Texas Family Code provides a trial court "shall order a division of the estate of the parties in a manner that the [trial] court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE § 7.001. We review this division of the estate under an abuse of discretion standard of review. *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)). As in its determination of possession and access, a trial court has wide discretion when determining how to divide the community estate. *Id.* at 232 (citing *Murff*, 615 S.W.2d at 698). "In dividing the marital estate, the trial court is not required to divide it equally, but may order an unequal division when a reasonable basis exists for doing so." *Id.* (citing *Murff*, 615 S.W.2d at 698). We will not overturn a trial court's decision unless the complaining party demonstrates the decision was "so unjust and

---

[3] Kimi-Lyn also contends the trial court abused its discretion in failing to submit the division of property issue to the jury. Having already determined she waived her right to a jury trial after failing to timely object, we further hold she failed to preserve this issue for appeal. *See Sunwest Reliance Acquisitions Grp., Inc.*, 875 S.W.2d at 387–88.

unfair as to constitute an abuse of discretion." *Howe v. Howe*, 551 S.W.3d 236, 254 (Tex. App.—El Paso 2018, no pet.) (citing *Murff*, 615 S.W.2d at 698).

Here, the trial court awarded each party all property currently in their possession and subject to their sole control as their sole and separate property. It specifically listed the funds in a Chase bank account, the 2018 Jeep Wrangler, fifty percent of Apple stock, and Philip's 401k under Philip's sole control and a 2006 Toyota Prius and fifty percent of Apple stock under Kimi-Lyn's sole control. As to the couple's debt, the trial court ordered each party responsible for their respective car loans and Kimi-Lyn responsible for all debts associated with her three businesses (New Braunfels Three, LLC, New Braunfels Four, LLC and Loan Ranger Capital Investments); a Loan Company Credit One Credit Card; the 2017 and 2018 federal, state, and local taxes; and a loan with Security Service Federal Credit Union.

A review of the record shows Kimi-Lyn conceded during her opening statement the only matters the couple disputed were the division of Philip's 401k and custody over J.M. During trial, she also stipulated she was responsible for the debts associated with her three businesses. The remainder of the trial focused on the custody dispute, and during her closing argument, Kimi-Lyn reiterated her request for a fair and equitable division of Philip's 401K. The trial court then took the matter under advisement.

At no point during the proceeding did Kimi-Lyn provide the trial court with evidence of the value of any of the items comprising the community estate, specifically of Philip's 401k to which she referred during closing argument. "Each party in a divorce proceeding has a responsibility to produce evidence of the value of various properties to provide the trial court with a basis upon which to make the division." *Howe*, 551 S.W.3d at 254; *Reyes v. Reyes*, 458 S.W.3d 613, 620 (Tex. App.—El Paso 2014, no pet.). When a party does not provide the trial court with values for property, she cannot complain on appeal of the trial court's lack of information in

dividing the community estate. *Howe*, 551 S.W.3d 254; *Wheeling v. Wheeling*, 546 S.W.3d 216, 227–26, (Tex. App.—El Paso Jan. 18, 2017, no pet.) *see also Allen v. Allen*, No. 03-11-00685-CV, 2013 WL 5858341, at *3 (Tex. App.—Austin Oct. 23, 2013, no pet.) (mem. op.) (holding pro se did not meet his burden in establishing trial court's division of property was not just and right considering pro se did not offer any evidence supporting his assertion); *Yuryeva v. McManus*, No. 01-12-00988-CV, 2013 WL 6198322, at *9 (Tex. App.—Houston [1st Dist.] Nov. 26, 2013, pet. denied) (mem. op.) (pointing out pro se failed to produce evidence showing she should have received proceeds from sale of house and holding trial court did not abuse its discretion in dividing profits of sale). Based on this record, the focus of the trial was on the couple's custody dispute, and we cannot conclude the trial court abused its discretion in its division of the community estate. *See Howe*, 551 S.W.3d at 254 (holding trial court did not abuse its discretion when focus of hearing was on possession and visitation and appellant failed to provide values for assets and debts making up community estate). We therefore overrule Kimi-Lyn's final issue.[4]

## CONCLUSION

Based on the foregoing, we affirm the trial court's final divorce decree.

Luz Elena D. Chapa, Justice

---

[4] We further note the record reflects additional hearings occurred after the trial and before the entry of the final divorce decree, and the appellate record does not include transcripts for those hearings. We must therefore presume the omitted transcripts support the trial court's division of property. *See Ugwu v. Ugwu*, No. 01-17-00247-CV, 2018 WL 1914870, at *3–4 (Tex. App.—Houston [1st Dist.] Apr. 24, 2018, no pet.) (mem. op.) (holding wife failed to show error in trial court's property division by failing to bring forward sufficient record); *see also* TEX. R. APP. P. 34.6(c).